Benjamin F. Bowers, Respondent, *v.* George C. Johnson et al., Appellants.

Proof of an advance of money to a mortgagee, coupled with proof that the one making the advance has possession of the mortgage, does not establish the fact of a purchase of the mortgage, or of a pledge thereof as security for the advance. In the absence of written evidence the presumption is against any transfer.

(Submitted May 3, 1872; decided May 21, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the decision of the court at Special Term.

The action was brought to foreclose two mortgages by defendant Johnson to Richard F. Blydenburgh, upon certain real estate in the city of Brooklyn. The mortgages were assigned by Blydenburgh to Josiah Bowers, the original plaintiff. He having died, the said bonds and mortgages were assigned by his executor to the present plaintiff, who was thereupon substituted as plaintiff.

The facts pertinent to the questions discussed appear sufficiently in the opinion.

*Josiah William Kronberg* for the appellants. Bowers took assignment chargeable with notice of Bingham's interest therein, he having possession. (22 N. Y., 550; *Kellogg* v. *Smith*, 26 id., 18; *Brown* v. *Blydenburgh*, 3 Seld., 142; *Pick-*

*ett* v. *Barron,* 29 Barb., 507 ; *Dickerson* v. *Tillinghast,* 4 Paige, 215 ; *Evertson* v. *Evertson,* 5 id., 644.)

*George Miller* for the respondent.

Grover, J.  The respondent's assignor took the assignment of the mortgages in the present case as collateral security for the payment of a pre-existing note.  He stands in no better position, as to any of the defendants, than would the assignor, Blydenburg, if living, or his representatives since his decease.  Whether he would, as to any or which of the parties, had he been a *bona fide* purchaser, is a question not necessary to consider, as it does not arise in the case.  The rights of the parties depend wholly upon questions of fact.  As to the defendant, Johnson, the questions are whether the mortgages were paid by him to Blydenburg by the sale, or payment of other mortgages to the amount of $200,000, given by the former to the latter upon the purchase of the entire premises, with interest, as provided in the agreement, that being the amount of the purchase-money ; or whether the amount of such mortgages, together with the claims of Johnson, arising out of the failure of title to parcels of the land, amounted to that sum.  The judge found in favor of the plaintiff upon these questions.  This finding, after the affirmance of the judgment by the General Term, is conclusive upon this court, unless the contrary is proved by uncontroverted evidence.  The only question raised by the exception to this finding of the judge, which can be considered in this court, is whether it was proved that the mortgage had been paid or counter-claimed in the manner above stated.  An examination of the evidence shows that it was not.  A discussion of the testimony and documentary proof is unnecessary.  This disposes of this part of the case.

The defendant, Bingham, in his answer and upon the trial, insisted that he had title to and was the owner of the mortgages at the time they were assigned by Blydenburg to the party under whom the plaintiff claims title.  The judge has found that he

had no title to or interest in them at that time. The exception to this finding presents the question in this court whether it was proved, by unconflicting evidence, that he had any title to the mortgages at that time. Upon this point the evidence showed that, at the time of the assignment by Blydenburg, Bingham had possession of the mortgages, and retained such possession down to the time of the trial; that he had advanced to and paid some money for Blydenburg, the amount of which was somewhat uncertain; that Blydenburg had assigned to him several other mortgages, amounting to a sum less than the money advanced and paid. This was the substance of all the evidence as to Bingham's title or interest in the mortgages. A chose in action may be sold or pledged without writing; and such sale, if otherwise valid, will give a title to the purchaser. But the question in the present case is whether the evidence proved a sale or pledge. The counsel for the appellant insists that proof of an advance of money by Bingham, coupled with proof of his possession of the mortgages, established the fact, either of a purchase of the mortgages by him or their pledge to him as a security for such money, and cites *Rockwell and others* v. *Hobby* (2 Sandford's Ch.) in support of his position. In that case it was shown that the plaintiff's testator had advanced money to one who held a bond and mortgage against the defendant to its whole amount at defendant's request, which, without being assigned or discharged, were left in the hands of the attorney of the holder and party advancing the money, and was lost. The testator had, at the time of his death, in his possession the deed given to the defendant of the mortgaged premises. There was other evidence tending to show that it was the understanding of the defendant that the testator had a lien upon the mortgaged premises. Held that he was to be regarded as an equitable mortgagee of the premises to the amount of the money advanced. It will be seen that this was a much stronger case for the plaintiff than is that of the defendant, Bingham, in the present. The testator advanced the money, at the request of the defendant, to the holder of

a mortgage upon premises owned by her. The mortgage was not satisfied, and the testator had a right to require an assignment, and hold it as security for the money advanced. This would have been done in the natural course of transacting the business, of which the defendant could have had no ground of complaint. The holder of the mortgage might, in equity, have been compelled to execute an assignment to the testator. It is true that, in the opinion of the court, much weight is given to the possession of the title deed of the defendant by the testator; and cases are cited from the English equity courts, holding that possession of title deeds by a party, coupled with proof of an advance of money by him to the owner, is sufficient evidence to decree an equitable mortgage in favor of such party for the money advanced. In that country, a very common mode of securing a loan of money is by depositing the title deeds of the borrower with the lender for that purpose; and such deposit constitutes a mortgage in equity. But here mortgages are very rarely transferred by an agreement and delivery without writing; and, in the absence of written evidence, there is a presumption against any transfer. In the present case the assignment of the other mortgages by Blydenburg to Bingham shows that, in the transaction of this kind of business, they acted in conformity with the prevalent usage; that when it was their intention to transfer the title an assignment of the mortgages was executed. Under the evidence in this case no legal error was committed by the judge in his finding that Bingham had no title to the mortgages.

The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.