## ALONZO W. SLAYBACK et al., Appellants, v. WILLIAM GERKHARDT et al., Respondents.

### February 28, 1876.

It is not error to instruct a jury directly upon the legal effect of facts which are admitted, or which are so clearly proved, without countervailing testimony, as to be beyond dispute.

APPEAL from St. Louis Circuit Court.

*General term reversed; special term affirmed.*

*Slayback & Haeussler*, for appellants, cited: Henshaw v. Dutton, 59 Mo. 139; Blakely v. Benecke, 59 Mo. 193; Sutter v. Lachmann, 39 Mo. 91; Quinn v. Illinois Central R. R. Co., 51 Mo. 496; Wharton v. Douglas, 76 Penn. St. 276; Free v. Hawkins, 8 Taun. 92; Hill v. Gow, 4 Barr (Penn.), 493; Lane v. Price, 5 Mo. 101; Jones v. Jeffries, 17 Mo. 577; Massman v. Holscher, 49 Mo. 87; Peers v. Davis, 29 Mo. 184; Reed v. Jones, 8 Wis. 392; Smith v. Williams, 1 Murph. (N. C.) 426; C. & H. Notes on Ph. on Ev. 1466, 1467; Deere v. Plant, 42 Mo. 60;

McKown v. Craig, 39 Mo. 156 ; Hays v. Bell et al., 16 Mo.
496 ; Aubuchon v. Boon, 10 Mo. 443 ; Lee v. David,
11 Mo. 116 ; 13 Mo. 567 ; Whitney v. State, 8 Mo. 165 ;
Hughes v. Ellison, 5 Mo. 110 ; Parker v. Fick, 2 Dev. &
B. (N. C.) Eq. 195 ; Martin v. Hamlin, 18 Mich. 359 ;
Kincaid v. Doemey, 47 Mo. 346 ; Gooch v. Conner, 8
Mo. 391 ; Lampleigh v. Brathwait, 1 Smith's Ld. Cas. 222.

Jones & Johnson, for respondents.

LEWIS, J., delivered the opinion of the court.

Plaintiffs sued before a justice of the peace, where they
obtained judgment on a promissory note, as follows :

*St. Louis, January 24, 1873.*

"Within sixty days from this date we, or either of us,
promise to pay to Slayback & Haeussler the sum of $200,
for and in consideration of legal services and counsel by
them, in behalf of parties interested in retaining the Union
Market at its present location.

"WM. GERKHARDT.

"H. W. LEOPOLD."

Defendants appealed to the Circuit Court, where judg-
ment was again given against them, which, on their appeal,
was reversed in general term.

The execution of the note was admitted, and defendants
undertook to prove failure of consideration. They intro-
duced a mass of irrelevant facts, from no one of which, nor
from all together, can be extracted any semblance of such
failure. The final action of the city authorities was what
the defendants desired ; but the latter " did not know "
what the plaintiffs had done to bring about that action, nor
did it appear that they had taken any steps to inform them-
selves. There was no testimony even tending to show that
the plaintiffs had omitted anything required of them by
professional duty to their clients.

The court instructed the jury to find for the plaintiffs,
and assess the damages at the sum of $200, with interest at
6 per cent. from the maturity of the note.

No brief being filed for the respondents, we can only conjecture the ground upon which the general term reversed the judgment in favor of plaintiffs. The only exception saved by defendants was to the giving of the instruction above mentioned. This, perhaps, was considered as too broad, and as taking the issues of fact away from the jury. But we do not so regard it. It is well settled that a court may properly charge the jury directly upon the legal effect of admitted or uncontroverted facts in the case. This is not an instruction upon the weight of evidence, but upon the legal effect of facts admitted and proved, without a single countervailing item in the testimony on either side, and not open to question or dispute. *Hedgepeth* v. *Robertson*, 18 Texas, 871.

The other judges concurring, the judgment of the general term is reversed and that of the special term affirmed.