FIELDS v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK: JUSTICE'S JURISDICTION. In determining whether the justice of the peace, before whom a suit under the 43rd section of the Railroad Law has been brought, is of the township where the cattle were killed, this court is not confined to the plaintiff's statement of his cause of action, but may look as well to the justice's transcript.

2. ———: ———: PLEADING. A complaint under the 43rd section of the Railroad Law omitted to aver that the cattle injured came upon the track at a point where it was not fenced, but did state that the injury was occasioned "solely on account of the defendant's failure to maintain fences." *Held,* that this averment excluded every other implication than the one that the cattle came upon the track where it was not fenced, and sufficiently supplied the omission.

3. **Practice**: BILL OF EXCEPTIONS: INSTRUCTIONS. Where the petition sets forth a legal cause of action, and the evidence is not preserved in the bill of exceptions, but it is stated that the plaintiff introduced evidence tending to prove the allegations of the petition, and that defendant introduced no evidence, this court will presume that the evidence justified the trial court in refusing to take the case from the jury. And where, in such a case, an instruction appears in the record which authorizes the jury to find for the plaintiff without requiring them to find some fact legally essential to recovery, this will not be reversible error. When testimony is undisputed, an instruction may properly assume its truth.

*Appeal from Daviess Circuit Court.*—HON. JNO. C. HOWELL, Judge.

AFFIRMED.

*Wells H. Blodgett* and *Geo. S. Grover* for appellant.

80 203
34a 638
35a 581
80 203
36a 237
80 203
39a 387
41a 175
41a 496
80 203
43a 358
80 203
46a 393
80 203
51a 23
80 203
61a 484
80 203
64a 548
80 203
150 229

*Rush & Alexander* for respondent.

NORTON, J.—This suit originated before a justice of the peace, and upon a trial of the same in the circuit court, upon defendant's appeal, judgment was rendered in favor of plaintiff, from which defendant has appealed. The sufficiency of plaintiff's statement of his cause of action and the action of the court in giving and refusing instructions, are questioned by the appeal.

So much of the statement as is necessary to an intelligent disposition of the question raised, is as follows:

"Plaintiff says that on or about the 17th day of December, 1880, at the county of Daviess in the State of Missouri, and in Benton township, in said county, where defendant's road runs and passes through and along inclosed and cultivated fields, and where defendant was bound by the statute of Missouri to make, construct and maintain lawful fences and cattle-guards on and along the sides of its road, and where defendant had wholly failed to make, construct and maintain any such fences or cattle-guards, the defendant did, by its agents, cars and locomotives, on its said road and at the point aforesaid    *    *    wound and kill one steer, the property of plaintiff, of the value of $30, and did strike, wound and bruise one steer, of the value of $30, injuring him to the amount of $20    *    *    ; and plaintiff says the injuries aforesaid to his cattle were done and the damage aforesaid arose solely on account of the defendant's failure to make, construct and maintain lawful fences and cattle-guards, as required of it by law, as aforesaid, in and along the inclosed field aforesaid on the sides of its road." The statement concluded by asking judgment for double damages under the statute.

It is urged by counsel that the statement is fatally defective because it does not show that the suit was brought before a justice of the peace of the township where the stock was injured. If in determining this question we were confined to the state-

1. RAILROADS: killing stock: justice's jurisdiction.

ment alone, the objection would be well taken. We are not, however, restricted to limits so narrow, it having been held in the cases of *Barnett v. Railroad Co.*, 68 Mo. 556, and *Iba v. Railroad Co.*, 45 Mo. 469, that if it appear, either from the statement filed or from the justice's transcript, that the stock was killed in the township where suit was brought, it is sufficient. In the case last above cited it was said: "It has always been held that the proceedings of inferior courts should show jurisdiction; and though it were better in this case that it appear in the statement of the cause of action, yet if it were shown in the writ or transcript it would suffice." Under the principle of these cases we can resort to the transcript for the purpose of fixing the *locus in quo* of the justice who tried the case, and looking at it, it shows that he was a justice of the peace of Benton township, where the statement alleges the stock was injured.

It is also urged that the statement is insufficient because it does not aver that the stock got on the track of the road at a point where it was not fenced 2.——: ——: plead- as required by law. While this averment ing. is not made in the above form, we think it is in effect made by the allegation that the damages were "occasioned solely on account of the defendant's failure to maintain fences," as charged in the statement. It excludes every other implication than the one that the cattle got on the track where it was not fenced. *Edwards v. Railroad Co.*, 74 Mo. 117; *Bowen v. Railroad Co.*, 75 Mo. 426.

It is also objected that the court erred in refusing to give the instruction that under the pleadings and evidence 3. PRACTICE: bill of plaintiff could not recover, and that it also exceptions: instruc- tions. erred in giving the following: "If the jury believe from the evidence that on or about the 17th day of December, 1881, at Benton township, Daviess county, Missouri, and at a point in said township where the defendant's railroad runs through and passes along inclosed and cultivated fields, and at a point where defendant had failed and

neglected to make, construct and maintain fences on the side of its road, the defendant, by its agents, engines and cars, did strike, bruise and wound two steers, the property of plaintiff, and that such damage or injury was occasioned by the failure of defendant to construct and maintain its fence along its said road at said point, then the jury must find for plaintiff and assess his damages at whatever amount they may believe from the evidence the plaintiff has sustained by such injuries, not to exceed $50."

The evidence is not preserved in the bill of exceptions. The only reference to it is that " plaintiff on the trial introduced evidence tending to prove the allegations contained in his statement," and that defendant introduced no evidence. And we are, therefore, justified in presuming that the evidence was sufficient to justify the court in refusing to take the case from the jury.

The instruction given by the court, while it is subject to the criticism made, that it omits to tell the jury that they must believe that the stock got on the track where it was not fenced, yet still if the undisputed evidence in the case proved the allegation in the petition, that the failure to fence was the sole cause of the injury and damage, the omission to state such a fact and the assumption by the court that the fact was proved, is not reversible error. When testimony is clear and conclusive, an instruction may assume the truth of the fact sworn to, and it will not be reversible error. *Barr v. Armstrong*, 56 Mo. 577; *Caldwell v. Stephens*, 57 Mo. 589.

Judgment affirmed. All concur.