Meier v. Thieman.

MEIER, *Appellant*, v. THIEMAN.

1. **Justice's Court**: JURISDICTION: TITLE TO LAND. Where, in an action by a landlord against his tenant, before a justice of the peace, for rent and possession of the premises, the tenant, on the return day of the summons, filed his motion and affidavit for the transfer of the cause to the circuit court of the county, upon the plea of title in and payment of rent to a third person, the motion should be granted, and upon the case being certified to the circuit court it will become possessed of jurisdiction.

Meier v. Thieman.

2. **Practice** : WITNESS : STATUTE. A witness is, by the statute (R. S., sec. 4010), disqualified from testifying in his own favor in any case where the other original party to the contract or cause of action in issue and on trial is dead, whether the witness be a party to the record or not, if his testimony would be equally as beneficial to him as if he were a party to the record.

3. ———— : ————. One who has made himself liable over to a defendant tenant for whatever sum the latter had paid him as landlord claiming the land, in the event that the widow of the deceased lessor should recover in an action against the tenant for rent and possession of the premises, is interested in the event of such suit, and incompetent as a witness both at common law and under the statute. *Ring v. Jamison*, 66 Mo. 424.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*M. F. Taylor* and *Eber Peacock* for appellant.

(1) It was the duty of the justice of the peace to try the case on its merits. The landlord and tenant act not only creates a right, but provides a remedy therefor, and a forum for the enforcement of such remedy. In such case the remedy and forum are exclusive, and nowhere in such statute is any provision made for certifying a case from the justice of the peace to the circuit court. *Jefferson County v. Bowens*, 54 Mo. 234; *Pierce v. Calhoun*, 59 Mo. 271; *Stamps v. Bridwell*, 57 Mo. 22. (2) The circuit court could only acquire jurisdiction of a suit under the landlord and tenant act by appeal. R. S. 1879, sec. 3106, p. 520; *Moore v. Winkler*, 3 Mo. 596; *Brown v. Woods*, 64 Mo. 547; *Hazzard v. Railroad*, 63 Mo. 302. (3) Entertaining jurisdiction as it did, the case having been certified up by the justice on a plea of title, its proceedings and its judgment were absolutely void. Under such circumstances the appellate court will not examine the merits, but will reverse the decision. *McCreary v. Menteer*, 58 Mo. 446; *State v. Pentz*, 64 Mo. 317; *Brown v. Woody*, 64 Mo. 547; *Hazzard v.*

*Railroad*, 63 Mo. 302. (4) But, upon the theory that the circuit court could try the case, there was no authority to permit any evidence of title in Adolphus Meier. The respondent admitted his liability under the lease, and the only defence made was that made by Adolphus Meier that he had title to the land, and that the respondent had attorned to him after the death of Thomas J. Meier. There was no opportunity to try the merits of the title, or for plaintiff to show that she actually owned the land, and that the possession of her husband, during his lifetime, was simply his curtesy in her estate, as, in fact, was the case. Taylor on Landlord and Tenant, secs. 384, 425, 437, 629 ; *Stagg v. Eureka Tanning, etc., Co.*, 56 Mo. 316 ; *McCartney v. Auer*, 50 Mo. 395 ; *Higgins v. Turner*, 61 Mo. 252. (5) Even if such proof could be admitted and was competent, yet, on the testimony offered on the part of the defence, plaintiff was entitled to recover at least such portion of the rent as accrued for the period of time between the first of March, 1882, the date of the lease, and the fifteenth of March, 1882, the date of Thomas J. Meier's death. Plaintiff, therefore, should have judgment for the half month's rent, even if the court were satisfied that the right to recover possession of the land had expired. (6) The testimony of Adolphus Meier as to conversations with Thomas J. Meier, his deceased brother, were incompetent for several reasons. (*a*) Because none of the statements or admissions testified to by Adolphus Meier as having been made by his deceased brother, Thomas J. Meier, were admissions of any surrender or transfer of possession by Thomas J. Meier to Adolphus Meier. The language of Adolphus Meier is that his brother, after the deed of trust sale, acknowledged that he was the owner, but he admits that he never interfered with the possession of Thomas J. Meier, or asserted control until after his brother died. This was twenty-four years after the deed of trust sale, under

which he pretends to claim title. (*b*) Because, if the statement made amounted to an agreement touching the land, then such an agreement is within the statute of frauds, and should have been in writing. *Winter v. Cherry*, 78 Mo. 344; R. S., 1879, sec. 2510, p. 421. (*c*) Because, if the statement shows an agreement, then, as Adolphus Meier is the real defendant, who seeks to show title through the respondent, who admits the liability, but permits Adolphus Meier to assert his claim through him, he being, as he says, to be held harmless by Adolphus Meier, Adolphus Meier's testimony as to the contract would be inadmissible, the other contracting party being dead. *Stanton v. Ryan*, 41 Mo. 514. In actions for possession of land, where the tenant is sued, the landlord is permitted to defend through his tenant, and practically the landlord is the defendant. R. S., 1879, sec. 2244.

*A. M. Gardner* and *Mitchell & Hawkins* for respondent.

(1) The witness, Adolphus Meier, was not a party to the suit nor to the contract; on the contrary the alleged contract was made without his knowledge, authority or consent. The rule excluding evidence in this state is now well settled in this state, and applies only where the witness is a party to the suit and to the contract or cause of action in issue and on trial. Under the statute all parties are made competent witnesses, except parties to the contract in issue or parties to the suit, where one of the parties to the contract is dead; interest in the result simply affects the credibility, but does not exclude the witness. *Looker v. Davis*, 47 Mo. 140; *Poe v. Domic*, 54 Mo. 119; *Klosterman v. Loos*, 58 Mo, 290; *Angell v. Hester*, 64 Mo. 142. The test of competency is not the facts to which the witness is called to testify, but whether he is a party to the con-

tract in issue and one of the parties to the suit. *Ring v. Jamison*, 66 Mo. 424; *Granger v. Bassett*, 98 Mass. 462. The competency of the witness must be determined by the direct issue in the case—the words "contract or cause of action in issue and on trial," mean such contract or cause of action as is intended to be enforced, or in regard to which the trial is had. *Bradley v. West*, 68 Mo. 69. The phrase, "one of the original parties to the contract," must be held to mean the legal party to the contract. *Hayward v. French*, 12 Gray, 459. Adolphus Meier was not a party to the contract or cause of action, and hence was not within the restrictions of Revised Statutes, section 4010, in relation to witnesses. *Martin v. Jones*, 72 Mo. 23. In the language of Judge Bakewell, "He was neither a party to the contract or cause of action in issue, or on trial, nor to the suit." To be incompetent, he must have been a party to both. *Meier v. Thiemann*, 15 Mo. App. 307. The defendant was called as a witness; no objection, however, or point was made to his testimony, as he testified to nothing material to the issues, or that was not admitted or proven by other witnesses. (2) The justice did not have exclusive jurisdiction and the case was properly certified from the justice to the circuit court. R. S., sec. 2931. This statute is imperative and left no discretion with the justice when the issue of title was raised by affidavit (as he certifies it was in this case), or whenever it appeared to his satisfaction that it would be an issue on the trial.

SHERWOOD, J.—Thomas J. Meier, by written lease, dated March 1, 1882, leased the western and northern portions, under cultivation, on the farm situated in township 45, range 5, section 14, to the defendant for the term of three years at the yearly rent of three hundred dollars, payable one-half on the twenty-fourth day of December, and one-half on the twenty-fourth day of March, in each year, about eighty acres. The de-

fendant entered into possession of the premises under said lease, and has remained in possession thereof continuously since. The lessor, Thomas J. Meier, died on the fifteenth day of March, 1882, leaving a widow and three daughters surviving him. On the twenty-fourth day of December, 1882, the first installment of rent under said lease, amounting to one hundred and fifty dollars, became due, being the amount sued for. On the fifteenth day of January, 1883, to exclude any doubt as to the right of the mother to maintain the action, the three daughters assigned all their right, title and interest in and to certain rents due or to accrue, and owing by Henry Thieman, the defendant, together with the right of possession of said leased premises, to their mother. On the twenty-second of January, 1883, Alwina Meier, the plaintiff, commenced a proceeding before Giles Bradford, a justice of the peace of the township and county in which the land above mentioned is situated, under the landlord and tenant act, against defendant, Henry Thieman, by which she sought to recover judgment for the sum of one hundred and fifty dollars for the six months rent, beginning the first of March, 1882, and the possession of the leased premises.

On the return day of the summons, the defendant filed his affidavit and motion for a transfer of said cause to the circuit court of St. Louis county, upon the plea of title and payment of rent to one Adolphus Meier as landlord, and said motion was sustained and said cause certified to the circuit court of the county of St. Louis. The case was tried in the circuit court by the judge thereof, without the intervention of a jury, and judgment was rendered for the defendant. The case was appealed by the plaintiff to the St. Louis court of appeals, where the judgment of the circuit court was affirmed. Whereupon an appeal was taken to this court.

On the trial of the cause in the circuit court, the

plaintiff offered in evidence the lease referred to between Thomas J. Meier and the defendant, Henry Thieman, and showed the death of Thomas J. Meier on the fifteenth day of March, 1882, and to exclude any doubt of the right of plaintiff to sue, then offered the assignment by the children of Thomas J. Meier of the rents and right of possession to their mother, the plaintiff. And to further exclude any question of plaintiff's right to maintain this action, offered a copy of the order of the probate court of the county of St. Louis, directing that no letters of administration on the estate of Thomas J. Meier be issued, there being no more property left by him than the widow would be entitled to under the statutes as her absolute property. Further proof was offered by plaintiff tending to establish the statement filed by her as her cause of action.

On the part of the defence a deed of trust was offered in evidence, dated March 5, 1857, and recorded in the records of the county of St. Louis, in book 184, page 406, to which the plaintiff objected, upon the ground that the same was irrelevant, incompetent, and because there was no proof that the land described therein was the same as that sued for. The court overruled the objection, and admitted the testimony. Defendant also offered in evidence a. deed dated March 31, 1858, recorded in book ——, page ——, being a deed purporting to be a foreclosure of the deed of trust above mentioned, and as having been made by Hermann H. Meier, as trustee, to Adolphus Meier, conveying one hundred and sixty acres of land in consideration of five hundred dollars. Objection being made to the deed on the same ground as to the former one, the objection was overruled by the court and the deed admitted in evidence. Defendant then offered in evidence the assessor's book, from 1877 up to the time of trial, to show that the property had been assessed to Adolphus Meier. This

was objected to on the ground of incompetency; the objection being overruled, the testimony was admitted.

Adolphus Meier then testified that Thomas Meier was his brother, "and he acknowledged, after the time I bought the property sold under deed of trust, and deeded to me by deed in evidence, I was owner." Plaintiff objected to any statement made by Thomas J. Meier, he being dead, which objection was overruled and plaintiff excepted. Witness continuing said: "Thomas J. Meier was there by my consent. I kept up the improvements. I have paid all the taxes. He had no authority from me to rent the land; I knew nothing of it until after it was rented. Thomas J. Meier never made any claim to the land. I did not converse with him many times about the land. He never paid rent. After I bought the land I intended he should stay and take charge of it; I paid him thirty dollars per month for taking care of it." On cross-examination this witness shows that Thomas J. Meier lived on the place when sold. This was in 1858. He knew from the daughters of Thomas J. that the place was rented. He says he didn't demand rent of the tenant before his brother's death, as he was willing he should have the use of it as long as he lived. He demanded rent of the tenant only after Thomas J. Meier died. He knew Thieman, the defendant, farmed the place, and says, "I never interfered with Thomas J. Meier's possession, nor asserted any control until after he died. I did not know that the railroad was laid out through the farm until it was through. I did not then make any open claim to the place until after the death of my brother. I never said anything to my brother about quit-claiming my property to the railroad company. I did not know he had done so until after his death." Witness says: "I expected to get possession at any time; I never had any agreement with him that I would take the place after his death." He also states that his brother re-

ceived money from Germany, that was in his, the witness', firm's hands, and that it has nearly all been paid over to him.

John W. Meier states that he paid cash to the daughters for Thomas J. Meier once a month. Don't know what the money was paid for; it was charged to Thomas J. Meier. There were credits on the books to him years ago. There was a special account to him; it came from an aunt in Germany. There is still a credit to him on the books of the firm of Adolphus Meier & Co.

Defendant, Thieman, testified he rented from Thomas J. Meier, and that after his death he paid rent to Adolphus Meier. Adolphus Meier never demanded rent until after the death of Thomas J. Meier. Witness paid Adolphus Meier three hundred dollars, with the understanding that he, Adolphus Meier, was to refund or hold him harmless in case he had to pay the rent over again to Mrs. Meier. In rebuttal, Louisa Meier, daughter of Thomas J. Meier, testified that her father paid for the improvements on the land; that her uncle, Adolphus, represented that there were four hundred dollars in his hands for her father. The plaintiff testified also that her husband paid for all the improvements, and further says that she did not know, until after the death of her husband, that Adolphus Meier had or made any claim to the farm.

I. There is no doubt that the justice of the peace properly certified the cause to the circuit court; for Revised Statutes, section 2931, provides this he shall do, on plea of title being made, verified by affidavit. The circuit court, therefore, acquired jurisdiction.

II. There is but one other question presented by the record worthy of examination, and that is the competency of Adolphus Meier as a witness in the cause. Section 4010, after removing common law restrictions prohibiting witnesses from testifying, contains this

proviso : "Provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead * * * the other party shall not be permitted to testify in his own favor." What is meant in this clause by the words "the *other party?*" I think it is very clear that they refer, and can only refer, *to the other party to the original contract or cause of action.* This is certainly required by the grammatical construction of the sentence, and certainly such a construction would be most natural and obvious. This view of the proviso has been twice taken by this court. Thus in *Ring v. Jamison,* 66 Mo. 424, Henry, J., speaking for the court, said : "In *Angell v. Hester,* 64 Mo. 142, this court said: 'We take the true distinction to be, that where one of the original parties to the contract or cause of action in issue and on trial is dead, the other party to such contract or cause of action will not be permitted to testify to any fact which he would not have been permitted to testify to at common law; that when one of the parties is dead, the other party stands, in regard to testifying, precisely as if the statute allowing persons to testify (parties was intended) had not been enacted.' The statute is in derogation of common law. If both parties to the contract or cause of action, are alive, they can testify as other witnesses, * * * but not so if one be dead. The substance of the provision is, that if both parties are alive, both may testify, but if one be dead, then the common law is in full force as to the competency of the survivor as a witness in his own favor."

The statute contains no intimation that the " other party " referred to is necessarily a party to the record. The language of the statute is "the other party," *i. e.,* the other original party to the contract or cause of action shall not be admitted to testify in his own favor, where death has precluded the other *original party* from an equal opportunity. Whether party to the

record or not, makes no difference as to the statutory incompetency of the witness; he is prohibited from testifying in his own favor in any case whatsoever where the other original party to the contract or cause of action in issue and on trial is dead. The letter of the statute makes no distinction as to the *status* of the witness on the record; the rule of his exclusion is as broad as the contract or cause of action in issue and on trial, and his testimony in his own favor. And the reason, policy and spirit of the rule keeps pace with its letter. This is tersely stated by Wharton: "The reason of this exception is, that where there is no mutuality there should not be admissibility, *i. e.*, when the lips of one party to a contract are closed by death, then the other party should not be heard as a witness. * * * Much, however, as the statutes may differ in words, they are the same in purpose. That purpose is to provide that when one of the parties to a litigated obligation is silenced by death, the others shall be silenced by law." 1 Whart. Evid., sec. 466.

In this case the cause of action in issue and on trial was: Who was entitled to the possession of the premises and the rents arising therefrom? It is easy to see, therefore, that Adolphus Meier was testifying as much in his own favor, and was as much a gainer by the result, as if he had been nominally as well as really a party to the record. He, in truth, was the only real party in interest; for it was a matter of no concern to the defendant tenant to whom he paid the rent, or whom he acknowledged for his landlord. If suit had been brought by the heirs of Thomas J. Meier against Adolphus Meier for possession of the land, he certainly would not, under the recent ruling in *Chapman v. Dougherty*, 87 Mo. 617, have been permitted to testify in his own behalf, as he was permitted to do in the case at bar, and the same rule should apply in the one case as in the other. The rules of evidence should not, like the

color of the *chameleon*, change because of their fortuitous surroundings. In a word, if Adolphus Meier is forbidden to testify in his own favor where he is a party to the record, he should be equally forbidden to testify, though not a party to the record, when the results of his testimony in his own favor would be equally beneficial to him as if he were such party. "The reason of the law is the life of the law."

III. Again, as Adolphus Meier was interested in the event of the suit, as he would have been liable over to the defendant tenant for whatever sum the latter had paid him as landlord, in the event that the plaintiff had recovered in this action, he was incompetent as a witness at common law. 1 Greenl. Evid., secs. 392, 386, 390. And under the rule laid down in *Angell v. Hester,* and *Ring v. Jamison, supra,* he was, for that reason, incompetent to testify in the present instance.

For these reasons the judgment should be reversed and the cause remanded. All concur, except Norton, J., absent.