## FIRST NATIONAL BANK OF BURLINGTON, IOWA, v. HATCH, *Appellant.*

1. **Practice : INSTRUCTION.** The assumption of a fact, in an instruction, as proved, when there is no controverting evidence as to that fact, is not reversible error.

2. ——— : ———. When a plaintiff's instructions, read in their natural order, in connection with defendant's instructions as a whole, and thus applied to each issue instructed upon according to the plain indication of the language used, present harmoniously and consistently to the jury the respective theories of the two contesting parties, and the result reached does not indicate that the jury supposed they could find for either party upon a single instruction and disregard all the others, the judgment should not be reversed for this mode of instruction alone.

*Appeal from Livingston Circuit Court.*—HON. JAS. M. DAVIS, Judge.

AFFIRMED

*H. C. McDougal, E. J. Broaddus* and *Prosser Ray* for appellant.

(1) Plaintiff's first instruction is error because it virtually strikes out the defenses and directs a verdict

without regard to defenses pleaded or the testimony for defendant. *Beauchamp v. Higgins,* 3 West Rep. 200 ; *Hackman v. McGuire,* 2 West Rep. 441 ; *Thomas v. Babb,* 45 Mo. 384 ; *Goetz v. Railroad,* 50 Mo. 472 ; *Railroad v. Harwood,* 80 Ill. 91 ; *Sullivan v. Railroad,* 88 Mo. 160. (2) The fourth instruction for plaintiff sub. mits a single fact, viz. : Whether the bill in suit was included in the agreement of August 29, 1873, and authorizes a verdict for plaintiff upon a finding that it was not. This is error. *McConey v. Wallace,* 4 West Rep. 845 ; *City of Elgin v. Beckwith,* 7 West Rep. 711.

*W. C. & J. W. Samuel* and *L. A. Chapman* for respondent.

(1) The instructions given for plaintiff are correct. They were given with reference to the issues to be tried and the facts in evidence before the jury. It was proper to give a series of instructions, one on each issue presented by the pleadings and evidence. (2) The several issues embraced in the pleadings were fully presented to the jury by the instructions given by the court. Instructions are to be considered in their combination, and not as though each separate instruction were intended to embody the whole law of the case. *McKeon v. Railroad,* 43 Mo. 405 ; *Shudy v. Streeter,* 70 Mo. 579 ; *Bank v. Currin,* 44 Mo. 91. A single instruction need not cover the entire case. *Swan v. Sullivan,* 12 Mo. App. 583. If the instructions as a whole are consistent and correct, and fairly present the issues, they are sufficient. *Ross v. Clark,* 14 Mo. App. 583 ; *Hare v. Railroad,* 55 Mo. 482 ; *Bank v. Currin,* 44 Mo. 91 ; *Shudy v. Streeter,* 70 Mo. 579 ; *Reilly v. Railroad,* 94 Mo. 611.

BRACE, J.—This case is here for the second time. A sufficient statement appears in the opinion heretofore delivered in 78 Mo. 13. Upon the retrial, the defendant filed an amended answer in which, after admitting

that the draft was drawn and endorsed as charged, denied all the other allegations of the petition and then set up three special defenses upon which the plaintiff joined issue. The court gave a series of instructions for the plaintiff and for the defendant. These instructions are counterparts of each other, except one for the plaintiff on the third special plea set out in the answer, on which the court refused to give an instruction asked for by the defendant.

It is not complained that the court committed error in refusing defendant's instruction or in declaring the law in the one given for the plaintiff, on that plea, but that it assumed a fact, *i. e.*, that a certain payment was of the costs in a suit. Conceding that the instruction is susceptible of that construction, the evidence on that question of fact is uncontradicted. The only witness who spoke upon the subject testified that the payment "was entirely to pay the costs of the suit, it was no settlement whatever of the claim." The assumption of a fact as proven in an instruction when there is no controverting evidence as to that fact, is not reversible error. *Carroll v. Railroad*, 88 Mo. 239.

The criticism on the other instructions given for the plaintiff does not extend to the soundness of the legal proposition they contain, but is based upon the fact that in each of them the jury are upon the facts therein hypothetically stated directed to find for the plaintiff, without direct reference to the case presented on the issues by the instructions for the defendant in which they are in like manner directed to find for the defendant; thereby, as is contended, authorizing a verdict for the plaintiff upon his case, or a phase of it, and ignoring that of the defendant. If no instructions had been given for the defendant, and if each of plaintiff's instructions is read by itself they would each be obnoxious to this criticism, but if read in their natural order, in connection with the instructions for the defendant as a whole,

and thus applied to each issue instructed upon according to the plain indications of the language used, they present harmoniously and consistently to the jury the respective theories of the two contesting parties, and it is not reasonable to suppose that an ordinarily intelligent jury would for a moment entertain the idea that they could find a verdict either for the plaintiff or the defendant upon any single instruction and disregard all the others. The result reached on the evidence in this case does not give rise to a suspicion of their having made any such mistake. The judgment ought not to be reversed for this mode of instruction alone. *Owens v. Railroad*, 95 Mo. 170 ; *Reilly v. Railroad*, 94 Mo. 600 ; *Hoenschen v. O'Bannon*, 56 Mo. 289.

No error materially affecting the merits of this action appearing upon the record, the judgment of the circuit court is affirmed. All concur, BARCLAY, J., in the result.