J. W. RICE, Respondent, v. WILLIAM McFARLAND *et al.*, Appellants.

Kansas City Court of Appeals, May 19, 1890.

1. **Witnesses:** ONE PARTY DECEASED, THE OTHER NOT COMPETENT: HEARSAY. Under section 8918, Revised Statutes, 1889, where one of the original parties to the contract or cause of action in issue and on trial is dead, the other party to such contract or cause of action shall not be admitted to testify, either in his own favor or in favor of any party to the action claiming under him; and consequently a defendant, the maker of the note in suit, is incompetent when called by his codefendants to prove that at a certain time the administrator of the original payee of said note notified the witness that he, the administrator, then had said note in his possession, having found it among the effects of the said payee after his death, and then demanded payment of the witness. Besides, such evidence was in this case mere hearsay, and should have been excluded.

2. **Instructions:** ASSUMING CONTROVERTED FACT. An instruction should not assume as true an allegation in the petition which is controverted in the answer and to disprove which there is evidence which should be passed upon by the jury.

3. ———: WHEN FACT MAY BE ASSUMED.     Where the petition and answer present an issue of fact, yet, when the testimony is clear and conclusive, an instruction may assume the truth of the fact sworn to, and it will not be reversible error.

4. **Evidence:** CONSIDERATION DUE CIRCUMSTANCES.  Circumstances, those physical facts which accompany a transaction, constitute evidence by which the jury are to determine issues between litigants, and such circumstances deserve a like consideration as to the sworn statements of witnesses.  Such circumstances, mute but credible witnesses, may satisfactorily and even conclusively disprove the testimony of living witnesses.

5. ———: WHEN MUST BE SUBMITTED TO JURY: CIRCUMSTANCES. Where there is such evidence of circumstances that a court would not be justified in setting aside a verdict founded on it, it should be submitted to the jury, and the circumstances developed by the record in this case are reviewed and *held* sufficient to support a verdict, and to have been erroneously taken from the jury.

6. **Points Arguendo :—**

    (1) POSSESSION OF UNINDORSED NOTE: PRESUMPTION AS TO OWNERSHIP.   The possession of an unindorsed note does not relieve the holder from the presumption the note still belongs to the payee.

    (2) RELEASE OF MORTGAGE: PRIMA FACIE DISCHARGE.   The acknowledgment of satisfaction of a mortgage is not conclusive.   Yet it is *prima facie* evidence of the discharge of the incumbrance, and throws the burden on him who sets up the incumbrance.

7. **Res Adjudicata:** SECOND APPEAL.  The ruling on the former appeal of this case, to the effect that defendant Morris may be discharged, yet under certain circumstances defendant McFarland's land be charged under the deed of trust, is *res adjudicata* in this case.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Buler. & Timmonds,* for appellants.

(1) The court erred in holding the defendant Morris to be an incompetent witness.  His testimony was objected to and excluded for the reason that he was

"party to the suit, and James A. Stearns is dead, and witness was therefore incompetent." Plaintiff had already stipulated to facts which released Morris from any liability, and which removed all his interest in the suit. His testimony was offered in favor of the defendant McFarland, and not in his own favor ; and he would have been a competent witness at common law. *Meier v. Thieman*, 90 Mo. 433 ; 1 Greenl. [Redfield's Ed.] sec. 355. The cause of action remaining in issue between Rice and McFarland was the ownership of the note, the alleged assignment by Stearns to Rice, and it is not claimed that Morris was a party to that transaction ; hence, the statute (which is an enabling and not a disabling statute) does not apply. (2) The court erred in giving instruction number 2, directing a verdict for the plaintiff. This instruction assumed that each and every material fact alleged in plaintiff's petition, and controverted in defendant's answer, actually existed, whether proven or not. It has always been a rule of practice in this state that the court cannot assume, in its instructions to the jury, the existence of controverted facts, whether controverted by the pleadings or by the evidence. *Mathews v. Railroad*, 26 Mo. App. 89, and cases cited ; *Wilkerson v. Thompson*, 82 Mo. 317 ; *Comer v. Taylor*, 82 Mo. 341 ; *Peck v. Ritchey*, 66 Mo. 114. The possession of an unindorsed promissory note by a person other than the payee is no evidence of ownership in the holder. *Cavitt v. Tharp*, 30 Mo. App. 131 ; *Dorn v. Parsons*, 56 Mo. 601 ; *Kelly v. Railroad*, 70 Mo. 608 ; *Bowers v. Johnson*, 49 N. Y. 435. While the release of a mortgage on record is not an absolute bar to foreclosure, unless there has been actual satisfaction, yet there is evidence of a high character, and throws the burden on the party seeking to foreclose, to show accident, mistake or fraud in the release, and this must be shown satisfactorily on his part. If not so shown, the release is conclusive proof of payment. *Ferguson v. Glassford*, 35 N. W. Rep. 820; *Banking*

*Co. v. Woodruff*, 2 N. J. Eq. 117; *Chappell v. Allen*, 38 Mo. 213. (3) Appellate courts will reconsider a case on second appeal, and reverse themselves on same points, if wrong. *Hamilton v. Marks*, 63 Mo. 167; *Keith v. Keith*, 97 Mo. 223; *Burnett v. McCluey*, 92 Mo. 230. The case of *Burnett v. McCluey* went to the supreme court three times, being reported first in 55 Mo. 128; next in 78 Mo. 676, and last in 92 Mo. 230. And although the court held the first and second times that a sheriff's deed was void, yet, when the case came up the third time, the court was unanimous in holding the same deed to be valid, and overruled its decisions rendered on the point when before them the first two times.

*Burr & Burr*, for respondent.

(1) Revised Statutes, 1889, section 8918, says: "* * * Provided that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor, or in the favor of any party to the action claiming under him." *Chapman v. Daugherty*, 87 Mo. 617. In the case cited by the appellant, 90 Mo. 433 (*Meier v. Thieman*), the court cites Wharton's Evidence, volume 1, section 466, who says the purpose of the statute is to provide that, when one of the parties to a litigated obligation is silenced by death, the other shall be silenced by law. *Poe v. Deming*, 54 Mo. 119; *Settin v. Shipp*, 65 Mo. 296; and *Hughes v. Groel*, 73 Mo. 538. (2) No error was made by the court by giving instruction number 2. When the testimony is all one way, and there is no question in regard to the credibility of the witnesses who gave the testimony, the court may determine the case as a matter of law in favor of the plaintiff, as well as by demurrer in the defendant's favor. *Fields v. Railroad*, 80 Mo. 206; *Slayback v. Gerkhardt*, 1 Mo. App. 333; *Boland v.*

*Railroad*, 36 Mo. 491 ; *Vinton v. Schwaub*, 32 Vt. 612. (3) McFarland cannot defeat this deed of trust, even though the note had been non-negotiable from the beginning. This we say is the law of this case, for this court says in 34 Mo. App. 404, that plaintiff is the *cestui que trust*, being the holder of the note. We call the court's attention especially to *Riley v. McCord*, 21 Mo. 285. The court here says that the personal judgment on the debt and the lien of the deed of trust are two distinct judgments. The former is not a lien longer than three years, but the latter for twenty. That the personal judgment is no estate in the land, but the lien is an estate in the land lasting until the debt is satisfied.

GILL, J.—This case is here upon appeal the second time. It was reversed and remanded at the former hearing a year ago ( 34 Mo. App. 404 ), has been tried again in the circuit court, resulting in a judgment *for* defendant Morris, but against defendant McFarland for the enforcement of a lien against his land in the sum of $781.83, from which he has appealed to this court. For an understanding as to nature of the controversy we refer to *Rice v. McFarland et al.*, 34 Mo. App. 404.

I.   At the trial below the defendants offered defendant Morris as a witness by, whom they wished to prove that Stearn's administrator, in the year 1883, notified him ( Morris ) that he, said administrator, then had in his possession the note sued on in this case, and that he had found it among the papers and effects of said Stearns after his death, and that said administrator then asked him ( Morris ) to pay the note. To the introduction of which evidence plaintiff objected, on the ground that witness Morris was a party to the suit, etc., and said Stearns being dead said witness was disqualified from testifying in the cause. The court sustained the objection and the evidence was excluded. In this ruling. the trial court was clearly correct. While our

statute has modified the common-law rule, and no longer excludes parties to the suit, or those otherwise interested in the event of the same, from testifying, yet, "where one of the original parties to the contract or cause of action in issue and on trial is dead, * * * the other party to such contract or cause of action shall not be admitted to testify, *either in his own favor or in favor of any party to the action claiming under him,*" etc. R. S. 1889, sec. 8918. The italics above indicate the words inserted in the revision of 1889, as an amendment to section 4010, Revised Statutes, 1879. Morris is a party to the action, is a party, too, to the contract in issue, and whether offered as a witness in his own behalf, or in behalf of his codefendant McFarland, is subject to the exclusive words of this statute, and not a competent witness. *Meier v. Thieman*, 90 Mo. 433. Besides this the matter offered as evidence was mere hearsay, and for that reason, too, the evidence should have been excluded.

II. The court of its own motion, in addition to a direction to the jury to find for defendant Morris (which is not here complained of) gave the following in the nature of a demurrer to the evidence of defendant McFarland, to-wit: "The court further instructs the jury that their verdict must be in favor of the plaintiff for an amount equal to the joint amount of the two notes given by Stearns to Rice, principal and interest, if the same does not exceed the amount of the note sued on, and, should it exceed said amount, then only for the amount of the note, principal and interest, from Morris to Stearns and Doan; and that the said amount so found to be due is a lien on the land mentioned in the petition."

We regard the giving this instruction a serious error, and justly meriting the complaint of defendant McFarland. The vice of this direction to find for the plaintiff, as against McFarland, is that the court assumes

as true an allegation in the petition which is controverted in the answer, and to disprove which there was evidence which should have been passed upon by the jury. The substantial matter of controversy between Rice and McFarland is, whether or not Rice, in the fall of 1877, acquired from Stearns a property right in the note or debt now sought to be charged as a lien on McFarland's real estate. Rice so alleged in his petition, and McFarland in his answer denied, that Rice had any title thereto. It will be remembered that Rice claims to derive title to the Morris note and deed of trust from a transfer by Stearns as collateral security for two notes made by Stearns to Rice in September, 1877, and January, 1878. To support this claim plaintiff introduced the deposition of one Williams, who testified, in substance, that he knew of Stearns borrowing money of Rice, and that Stearns assigned the Morris note to Rice as collateral security for the payment of notes given by Stearns for such borrowed money, etc. And this was all the evidence of such alleged transfer that was offered by the plaintiff. Defendant produced no witnesses at the trial to contradict this evidence testified to by Williams, and with such a showing the question is, was the court justified in assuming the evidence of Williams as true and to so instruct the jury. Defendant's counsel insists that the trial court cannot assume, in its instructions to the jury, the existence of controverted facts—whether controverted by the *pleadings,* or by the evidence. We are not prepared to indorse this extreme view in relation to facts put at issue by the *pleadings*, though it has the support of so able a jurist as Judge ROMBAUER, in a separate opinion by him in case of *Mathews v. Railroad*, 26 Mo. App. 89. We are of the opinion that Judge THOMPSON in the same case announces, the prevailing rule in this state. We hold with him ( and believe ourselves supported by the uniform decisions of the supreme court) that, even

where the petition and answer present an issue of fact, yet, "when the testimony is clear and conclusive, an instruction may assume the truth of the fact sworn to, and it will not be reversible error." *Fields v. Railroad*, 80 Mo. 206; *Boland v. Railroad*, 36 Mo. 491; *Sawyer v. Railroad*, 37 Mo. 263; *Caldwell v. Stephens*, 57 Mo. 595; *Burlington First Nat. Bank v. Hatch*, 98 Mo. 378; *Carroll v. Railroad*, 88 Mo. 239; *Slayback v. Gerkhardt*, 1 Mo. App. 333; *Price v. Haeberle*, 25 Mo. App. 205; *Clemons v. Knox*, 31 Mo. App. 197.

We do not then feel warranted in condemning the foregoing instruction (directing the jury to return a verdict for plaintiff) simply because the fact assumed was controverted by the *answer*. But said instruction meets with our disapproval, in that it assumes to decide for the jury the existence of a substantial fact in plaintiff's favor, when the same is controverted by evidence for the defense. *Circumstances*, those "physical facts" which accompany a transaction, *constitute evidence* by which the jury are to determine issues between litigants, and such circumstances deserve a like consideration as the sworn statements of witnesses. It may be, and often happens, too, that such circumstances—*mute*, but credible witnesses—satisfactorily, and even conclusively, disprove the testimony of the *living* witness. So, then, if there are any circumstances, or "physical facts," which tend to dispute the sworn statement of a witness, they stand as controverting testimony, and should be weighed by the triers of the fact. About this sworn evidence of witness Williams, there stands much to contradict it. He swears, in effect, that, before Morris paid off the note to Stearns, the payee, said Stearns had transferred the same to plaintiff Rice. He says that this assignment by Stearns to Rice occurred in September, 1877 (as "he recollects"). Now, to oppose this, defendant relies, and has the right to rely, on the significant circumstance that there appears no

*indorsement* on the note of Stearns, the payee, to Rice, the claimant. From the quite universal and usual manner of transferring notes by indorsement on the back thereof, the *presumption* is that here, in the absence of an indorsement, no assignment was ever made. *Bowers v. Johnson*, 49 N. Y. 435. Rice's possession of the Morris note, unindorsed, does not relieve him from the presumption that the note still belonged to Stearns. Such possession of the note, unassigned, is no evidence of ownership. Said note was payable to the order of Stearns, and, being unindorsed by him to Rice, the presumption still exists that Stearns continued owner. *Cavitt v. Tharp*, 30 Mo. App. 131; *Bowers v. Johnson*, *supra*. And, again, in December, 1878, Stearns, by deed of release, signed, acknowledged and recorded, acquits the McFarland land of any lien or charge on account of the note Morris had made to him (and which he then claimed to yet own). While it is true that this acknowledgment of satisfaction is not conclusive, it is yet *prima facie* evidence of the discharge of the incumbrance, and the burden is placed on plaintiff Rice to show that, at the date of discharge, Stearns had nothing to discharge, in so far as the note in controversy was concerned. *Trenton Banking Co. v. Woodruff*, 2 N. J. Ch. Rep. 118; *Ferguson v. Glassford*, 35 N. W. Rep. 826-7. These circumstances, together with the long delay attending the institution of this suit, the failure on Rice's part (if holder and owner of the note) to make known any claim to this mortgage lien, permitting years after maturity to pass without naming the matter to Morris or McFarland, constitute defensive evidence well worthy the consideration of the jury trying the cause. So potent, too, is the tendency of this evidence that, had the jury found for defendant on the issue, no court would be justified in disturbing the verdict. The court in the trial of this cause clearly invaded the province of the jury. As well said by

NORTON, J., in *Kelly v. Railroad*, 70 Mo. 608, "The line which marks the respective duties and functions of the court and jury is certain and well defined. It may be said that it is the duty of the judge to decide whether there is any evidence, and the legal effect of it, and that it is the province of the jury to determine the sufficiency of it. In a case where there is no evidence to sustain a material allegation, there is nothing for the jury to consider, and the court may so declare. But when the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from the facts proved, the case, under proper instructions, should be submitted to the jury. It is for the jury, and not the court, to pass on the weight of evidence, where there is any evidence." These words of Judge NORTON may be considered to some extent modified by later and other decisions, to the effect that, "where the evidence is of that character that the trial judge would have a plain duty to perform in setting aside the verdict as unsupported by the evidence, it is his duty and his prerogative to interfere before submission to the jury, and direct a verdict for defendant," and I would say, in a proper case, for plaintiff as well. *Jackson v. Hardin*, 83 Mo. 186, and cases cited.

However, as already explained, this does not belong to that character of case. With the substantial evidence here in favor of defendant McFarland, no court would be justified in setting aside a verdict in his favor. Hence, in our opinion, the trial court erred in arbitrarily instructing against McFarland, thereby, in effect, declaring to the jury that they should *believe* the testimony of witness Williams to be true, although contradicted, as it was, by the patent circumstances surrounding the transaction. *Bryan v. Ware*, 4 Mo. 110; *Vaulk v. Campbell*, 8 Mo. 227; *Gregory v. Chambers*, 78 Mo. 298; *Kenny v. Railroad*, 80 Mo. 578; *Carson v. Porter*, 22 Mo. App. 184.

·III.   Defendant's counsel, in an able and exhaustive brief and argument, urge us to review our former holding in this case, which was to the effect that, while Morris, the maker of the note, may be discharged, yet, under certain circumstances, McFarland's land may be charged by the deed of trust.   This we cannot do.   The point has become *res adjudicata* in this case, and we decline, therefore, to reconsider the question at this time.   See *Belch v. Miller*, 37 Mo. App. 628, and cases cited.

It follows, however, from the views hereinbefore expressed, that the judgment herein must be reversed and the cause remanded for a new trial.   All concur.