CHAPMAN LIGHTNER'S ADMINISTRATORS v. EDGAR C. GREGG *et al.*, Appellants.

Kansas City Court of Appeals, April 1, 1895.

1. **Witnesses:** PARTY TO CAUSE OF ACTION: INCOMPETENT. In an action by the payee's administrator on a promissory note against the principal maker and his sureties, where the sureties alone defend, the maker is an incompetent witness to show any conditions between the sureties and the maker.

2. **Principal and Surety:** UNDERSTANDING BETWEEN, NO DEFENSE. In an action by the payee on a promissory note, an understanding between the maker and his sureties that certain securities were to be placed as collateral with the payee, which the maker tendered and the payee refused to accept, is no defense unless the payee was a party to such understanding.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*John M. Voris* for appellants.

(1) The testimony of Gregg and Fell, as offered, was against their interest—not in their favor—and, under the common law, would be admissible, especially where default was made. 1 Greenleaf on Evidence, [19 Ed.], p. 448, sec. 355; *Bates v. Forcht*, 89 Mo. 121. (2) A witness competent under the common law is competent under the statutes. It is an enabling, and

not a disabling, statute. *Prickett v. Reynolds*, 21 Mo. App. 674; 15 Mo. App. 307, 310, 568; *Angell v. Hester*, 64 Mo. 142; *Bates v. Forcht*, *supra.* (3) Witness' competency under Revised Statutes, 1889, sec. 8918; *Angell v. Hester*, *supra;* *Bates v. Forcht*, *supra;* *Prickett v. Reynolds*, *supra;* 1 Greenleaf on Evidence, [19 Ed.], p. 448, sec. 355; *Nugent v. Curran*, 77 Mo. 323. (4) Release of surety. *Taylor v. Jeter*, 23 Mo. 244; Central Law Journal, art. 10, 302.

*L. A. Chapman* and *W. D. Leeper* for respondents.

(1) The court committed no error in holding that neither Gregg nor Fell was competent as witnesses in this cause, as they were parties to the suit and parties to the note upon which the suit was brought, and the payee of the note, Chapman Lightner, was dead. Revised Statutes, 1889, sec. 8918; *Leeper v. Taylor*, 111 Mo. 313; *O'Bryan v. Allen*, 108 Mo. 231; *Jones v. Burden*, 56 Mo. App. 204; *Samuel v. Barton*, 53 Mo. App. 589; *Reynolds v. Reynolds*, 45 Mo. App. 627; *Callahan v. Riggins*, 43 Mo. App. 136; *Butts v. Phelps*, 79 Mo. 304; *Ring v. Jamison*, 66 Mo. 424; *Fink v. Hey*, 42 Mo. App. 297; *Rice v. McFarland*, 41 Mo. App. 494. (2) Under the common law the rule was that no one interested in the result could be a witness, whether a party or not. The statute still retains the common law disabilities in those excepted cases mentioned in the statute. Gregg and Fell were both parties adverse to Lightner in the contract on trial and in issue, but were parties to the cause. They could neither be witnesses for themselves nor their codefendants, nor can it make any difference that they had failed to answer. *Samuel v. Bartee*, 53 Mo. App. 587; *Rice v. McFarland*, *supra;* *Meier v. Thieman*, 90 Mo. 434, overruling same case in 15 Mo. App. 307–310.

GILL, J.—This is an action on a promissory note for $1,000, signed by defendants, Gregg, Fell, Voris and Morrison, and payable to Chapman Lightner. During the pendency of the suit, and before the trial in the circuit court, Lightner died, and the action was revived in the name of his personal representatives. Gregg and Fell made default. Voris and Morrison answered, admitting the execution of the note, but setting up as a defense, that they were mere sureties for Gregg and Fell; that said Gregg and Fell borrowed the $1,000 from Lightner, for the purpose of purchasing ten shares of certain bank stock, and that when they, (Voris and Morrison) signed the note, it was agreed between them and Gregg and Fell that said stock, when acquired, should be placed with Lightner, as additional security for said note. It was further alleged in Voris and Morrison's answer, that Gregg and Fell did secure the bank stock and offered the same to plaintiff, Lightner, but that it was refused, and that subsequently Gregg and Fell sold it for $1,000. A reply to this new matter, consisting of a general denial, was filed.

At the trial of the cause before the court, without the aid of a jury, defendants Fell and Gregg were called to the witness stand, and the record shows that by them there was an offer to prove; "that Morrison and Voris signed the note, as sureties, and that the agreement between Gregg and Fell, and Morrison and Voris, was that ten shares of the capital stock of the Bank of Wheeling should be held by the plaintiff and turned over to him as additional security; that after the note was signed and in the possession of plaintiff, he then refused to receive the bank stock."

Plaintiffs objected, because the said parties were incompetent witnesses (the payee of the note being

dead) and because the evidence offered was immaterial. The court sustained the objections. There was judgment for plaintiffs for the amount of the note and interest and defendants Voris and Morrison appealed.

The ruling of the lower court was correct. The evidence offered was properly excluded on either of two grounds: *First*, because the witnesses were disqualified by the statute from testifying; and, *second*, because the matter sought to be proved was immaterial and constituted no defense to the action.

The statute prescribing the qualification of witnesses denies the right of one of the parties to the contract, or cause of action, in issue, to testify in his own favor, when the other party to such contract or cause of action in issue, is dead. R. S. 1889, sec. 8918. Gregg and Fell were parties to the contract in issue, representing one side, while Lightner was the other party. The latter was dead. Hence, in a suit on that contract, the former were not qualified witnesses. It would seem that there was hardly ground for an opposing argument. Numerous cases might be cited, but more directly in point, see: *Meier v. Thieman*, 90 Mo. 433, 442; *Rice v. McFarland*, 41 Mo. App. 489. And, again, the facts sought to be shown by these witnesses could not in any event be used to defeat the action on the note. The evidence was to this effect and nothing more: Voris and Morrison agreed with Gregg and Fell to "go security" for them, on their note to Lightner, and Gregg and Fell promised Voris and Morrison to turn over ten shares of certain bank stock (which they were to purchase with the money borrowed) to Lightner, as additional security on said note. Gregg and Fell procured the stock and subsequently offered it to Lightner, and he declined it. There was no offer to prove that Lightner was a party to this agreement between these co-makers and codefendants. Nor was

there any pretense that Voris and Morrison were induced to sign the note, by reason of any such promise from Gregg and Fell, or that Lightner had any knowledge of such an agreement.

There is no merit in the appeal and the judgment will be affirmed. All concur.