NATIONAL BANK· OF COMMERCE OF KANSAS CITY, Respondent, v. A. A. CLEVELAND, Appellant.

Kansas City Court of Appeals, January 20, 1896.

Appellate Practice: EVIDENCE, EXCLUSION OF: REVIEW. To reverse a judgment because of a lower court's action in excluding evidence, that evidence, or at least the tenor and effect thereof, must be disclosed to the appellate tribunal so that it can determine its materiality and probable influence at another trial; and the excluded part of the deposition will not be reviewed, unless the part so excluded is set out in the record.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*William O. Mead, T. T. Loy, W. H. Martin* and *John H. Lucas* for appellant.

Upon the trial of the case in the court below the plaintiff offered to read extracts from the deposition of Joseph P. Landes, and the defendant, Cleveland, objected at the time, unless the court would require the plaintiff to read the whole of said deposition. The court refused to require the plaintiff to read the whole thereof, and thereby committed error in so ruling, and for such error the judgment of the court below must be reversed. *Hill v. Sturgeon*, 28 Mo. 323; *Cook v. Harrington*, 31 Mo. App. 199; *State ex rel. v. Rayburn*, 31 Mo. App. 385.

*Elijah Robinson* for respondent.

Where the trial court excludes evidence that is offered on the ground that it is irrelevant, and the evidence offered is not preserved in the bill of exceptions, this court will presume that the evidence was properly excluded. *Spence v. Crow*, 47 Mo. App. 321; *State v. Rogers*, 106 Mo. 138; *Pembroke v. Railroad*, 32 Mo. App. 61, 68, 69; *Davis v. Hilton*, 17 Mo. App. 319, 322; *Berthold v. O'Hara*, 121 Mo. 98; *Jackson v. Hardin*, 83 Mo. 187; *Bank v. Aull*, 80 Mo. 202; R. S. 1889, sec. 2100; *Harris v. Powell*, 56 Mo. App. 24; *Boggess v. Railroad*, 118 Mo. 328; *McGuire v. Nugent*, 103 Mo. 172; *Green v. St. Louis*, 106 Mo. 454; *Nave v. Adams*, 107 Mo. 414; *Hoffman v. Railroad*, 51 Mo. App. 272.

GILL, J.—This is a suit on a note for $2,000, purporting to have been executed by defendants Landes, Crouch, and Cleveland. Landes and Crouch made no defense, but Cleveland pleaded *non est factum.* On this issue the case was tried by jury resulting in a finding and judgment for plaintiff, and defendant Cleveland appealed.

At the trial plaintiff offered to read a portion of the deposition of defendant Landes, which had been theretofore taken by defendant Cleveland. Defendant's counsel interposed an objection, which the court overruled, stating that plaintiff might read "that portion which pertains to the matter in controversy." Defendant further insisted that plaintiff should be required to read the whole of the deposition. The court stated, "that plaintiff might read such portions as they desired, and then defendant could, if he desired, read the balance." Plaintiff's counsel then proceeded and read to the jury from said deposition what said Landes testified to in relation to Cleveland signing the note in controversy. The court's action in this respect is the sole matter of complaint now urged for a reversal of the judgment.

It might be successfully contended that the court did not exclude any portion of the deposition, and if so, then the defendant did not have anything to complain of. The trial judge did inferentially, if not directly, admit in evidence the entire paper. But we do not care to place our decision on that ground. Admitting that the court excluded a portion of the deposition, and yet, on the state of this record, we are not authorized to reverse the judgment and award a new trial on that account. The abstract does not contain that portion of the deposition which was excluded, and hence we are not informed as to whether or not the portion not read to the jury was material or of any

consequence. The trial judge announced his willingness to let in all of the deposition that pertained to the matter in controversy, and in the absence of a contrary showing, we must assume he did so. And if this was done, then no error—at least no reversible error—was committed. Where a party seeks to reverse a judgment because of the lower court's action in excluding evidence, that evidence, or at least the tenor and effect thereof, must be disclosed to the appellate tribunal, so that it can be determined whether or not it was material and would have any probable influence at another trial. *Ball v. City of Independence*, 41 Mo. App. 469; *Fields v. Railroad*, 80 Mo. 203; *Jackson v. Hardin*, 83 Mo. 176; *Kraxberger v. Roiter*, 91 Mo. 404–408; *Berthold v. O'Hara*, 121 Mo. 89.

So, then, admitting the rule announced in *Hill v. Sturgeon*, 28 Mo. 323, and that defendant was entitled to have the whole deposition read in evidence, yet as there is nothing here to show that any material part thereof was excluded or omitted, the error, if error it was, was harmless and such as does not call for a reversal of the judgment and which, therefore, will be affirmed. All concur.