Fruin v. The Crystal Railway Company.

---

FRUIN *et al.* v. THE CRYSTAL RAILWAY COMPANY, *Appellant.*

| | |
|---|---|
| 89 | 397 |
| 32a | 500 |
| 33a | 372 |
| 89 | 397 |
| 46a | 627 |
| 89 | 397 |
| 52a | 269 |
| 89 | 397 |
| 118 | 554 |
| 89 | 397 |
| 71a | 507 |
| 89 | 397 |
| 179 | 2643 |

1. **Contract** : CONSTRUCTION : EVIDENCE. Where there is nothing to show that the words "solid rock," in a contract, were used in other than their plain, ordinary and popular sense, evidence of surrounding circumstances is not admissible upon the question of their meaning.

2. ———— : ———— : FRAUD : MISTAKE. When the terms of a contract are clear and unambiguous, a party can relieve himself of the liability they impose by proving fraud or mistake, or that by custom the words of the contract were used in a sense different from their ordinary import.

3. ———— : ———— : PRACTICE. When there is no evidence tending to prove that the words of a contract were used in any other than their plain and popular sense, it is the duty of the court to construe it according to its terms. It should not be left to the jury to determine its construction.

4. ———— : NEGLIGENCE. In an action for work and labor plaintiff cannot recover for work done in excess of what is called for by the terms of the contract, occasioned by his own unskilfulness and neglect. But if such extra work was done at defendant's request, or in consequence of any change in the plans and specifications for the work, plaintiff is entitled to recover.

5. ———— : LIQUIDATED DAMAGES : FRAUDULENT REPRESENTATIONS. It is no defence to defendant's claim for liquidated damages for delay in completing the work provided for by a contract, that the plaintiff in the prosecution of the work, encountered unforeseen difficulties, unless plaintiff can show that defendant, by false and fraudulent representations, induced him to undertake the work.

6. ———— : FRAUDULENT REPRESENTATIONS. Although plaintiff may

have entered into the contract because of the fraudulent represen-
tations of defendant, yet if he entered into a supplemental contract
with knowledge that defendant's representations were false, he
cannot recover a greater price for his work than that allowed by
the latter contract, nor successfully defend against defendant's
claim for liquidated damages, provided for by the supplemental·
contract, for delay in completing the work.

*Appeal from Jefferson Circuit Court.*—Hon. John
W. Emerson, Special Judge.

Reversed.

*Henry Hitchcock* and *Edmund T. Allen* for ap-
pellant.

(1)   The circuit court erred in overruling defendant's
motion to strike out of plaintiffs' reply the averments to
the effect: That defendant made to plaintiffs certain repre-
sentations as to the character of rock to be excavated,
relying on which plaintiffs made said contract. That
said representations were untrue in this, that the rock
requiring excavation was flint and not limestone rock, as
represented. That in the specification, part of said con-
tract, defendant estimated and represented to plain-
tiffs that the rock to be excavated would be about six
thousand yards, and that plaintiffs, relying on said es-
timate and representation, agreed to complete the work
by July 10, 1881. That said estimate was increased and
plaintiffs were ⸴obliged to, and did, excavate nine thou-
sand cubic yards of rock by reason whereof, and that
the quality of said rock was other than as represented
by defendant, plaintiffs were unable to complete said
work by July 10, 1881. *Cassidy v. Metcalf,* 66 Mo.
519 ; *Joliffe v. Collins,* 21 Mo. 338 ; *Dunn v. White,* 63
Mo. 181.   (2) The circuit court erred in admitting in-
competent evidence for plaintiffs under the following
heads : (*a*) As to the quantity and character of flint rock

in the cut, and that to excavate it was worth more than the contract price. (*b*) As to plaintiffs' diligence in doing the work, and that the character of the flint rock caused the delay. (*c*) As to alleged conversations with defendant's engineer and representations by defendant before the contract was made, including conversations between defendant's engineer and third parties, not in plaintiffs' presence. *Lewis v. Atlas Mut. L. Ins. Co.*, 61 Mo. 538; 2 Chitty Cont., pp. 1074–76, and cases cited; Story on Cont., secs. 47, 587; *Dermott v. Jones*, 2 Wallace, 1, 7; *Smoot v. United States*, 15 Wallace, 46; 2 Benjamin on Sales (4 Am. Ed. by Corbin), sec. 864, and cases cited; *Estis v. Reynolds*, 75 Mo. 565; *Hart v. Handlin*, 43 Mo. 171; 1 Greenleaf's Evidence, secs. 275, 277; *Joliffe v. Collins*, 21 Mo. 338; *Dunn v. White*, 63 Mo. 181; *Cassidy v. Metcalf*, 66 Mo. 519. (3) The court erred in construing the words "solid rock" in the contract to include only such description of solid rock as the jury might believe from the evidence was known to exist and contemplated by the parties when the contract was signed. The contract was clear and unambiguous in terms, and its plain language excluded the condition or qualification thus annexed to it by the court. Vattel's Law of Nations, 244; *Ruggles v. Illinois*, 108 U. S. 534; Sedgwick on Stat. Constr., 195, 230; *Burris v. Blair*, 61 Mo. 140; *Shephard v. St. Charles*, 28 Mo. 377; Greenl. Evid., secs. 277, 287, 289. "It is a well settled rule of law, that if a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the act of God, the law, or the other party. Unforeseen difficulties, however great, will not excuse him." *Dermott v. Jones*, 2 Wallace, 7; *Paradine v. Jayne*, Alleyn 27; *Beebe v. Johnson*, 19 Wendell, 500; *School Trustees v. Bennett*, 3 Dutcher, 513; *Shepard v. St. Charles*, 28 Mo. 375. (4) The court erred in the instruction given to the jury of its own motion, for the

reasons given above. See, also, *Edwards v. Smith*, 63 Mo. 127. (5) The court erred in refusing defendant's ninth, eleventh and fourteenth instructions.

*H. D. Wood, Dinning & Byrns* and *Alexander Martin* for respondents.

(1) Where work done under a contract has been finished, the contractor may sue for its value, and he is entitled to recover whatever his materials and services are reasonably worth to the party using them, not exceeding the contract prices, so far as the contract fixes the prices. In such suit the defendant may set off any claim for damages growing out of any breach of the contract by plaintiff. *Yeates v. Ballentine*, 56 Mo. 530. (*a*) The ground of recovery is the reception and use of materials and labor under a contract not complied with, but which in equity " ought to be paid for." Opinion, *idem*, 56 Mo. 539–540. (*b*) In such an action, the plaintiff may join with items under the contract a claim for extra work, as was done in the case of *Shephard v. St. Charles*, 28 Mo. 374. (2) The excavation of flint rock not having been contemplated by either party to the contract, and the price of solid rock excavation having been based upon the representations and showing of the defendant that the solid rock to be excavated was limestone rock, a material not costing one-fourth as much to excavate as flint rock, no price for flint rock excavation was fixed by the contract, and the plaintiffs are entitled to recover what the excavation thereof was reasonably worth. *Shephard v. St. Charles, etc.*, 28 Mo. 373 ; *Blair v. Corby*, 37 Mo. 313 ; *Dubois v. Delaware and Hudson Canal Co.*, 12 Wend. 334, and 15 Wend. 89 ; *Railroad v. Veeder*, 17 Ohio, 399. (3) According to a proper construction of the contract, the flint rock was extra work. *Cross v. Elgin*, 2 Barn. and Adol. 106 ; *Shickle v. Chouteau, etc.*, 10 Mo. App. 241.

(4) Where, under a contract to complete work by a given time, it transpires that the work as done was much more than was represented, and was of a much more difficult character and nature than was anticipated and represented to the contractors, and the time fixed was based upon such mistake or misrepresentation as to the quantity and character of work, the stipulation as to time is void; and this principle is not limited to cases where there has been fraudulent concealment or suppression of facts, but extends also to cases of innocent misapprehension and mistake. In such case the mistake affects only the stipulation as to time, and the whole agreement is not treated as void. *Verzan v. McGregor*, 23 Cal. 339. (5) Where a contract requires the completion of work by a given time, if the plans are changed or altered so as to require additional work, or if additional work is done in excess of the contract work, such changes and alterations of the plans and the doing of such additional work extends the time for the performance of the contract, and the party is entitled to a reasonable time for the completion of the work. *Manufacturing Company v. The United States*, 17 Wallace, 593; *Railroad v. Rust*, 19 Fed. Reporter, 245; *Doyle v. Halpin*, 33 New York Superior Court, 366, and cases cited therein; *Meehan v. Williams*, 2 Daly 367; *Russell v. State Ins. Co.*, 55 Mo. 585; *The Isaac Newton*, 1 Abbott's Admiralty 11. · (6) The court did not err in refusing to strike out the portion of plaintiffs' reply. *Verzan v. McGregor*, 23 Cal. and cases cited under point 5, *supra*. (7) Where the language of an instrument is applicable to several persons, several things, several species of goods, or, as in this case, to several kinds of rock, or the terms are vague or general, parol evidence is always admissible to identify the subject matter of the contract, in order to arrive at the intention of the parties by proof of any extrinsic circumstances tending to show what

VOL. 89—26.

person or persons, or what things, or, as in this case, what kinds of rock were intended by the party. 1 Greenleaf's Evidence, paragraph 208 ; *Amonett v. Montague*, 63 Mo. 206 ; *Shephard v. St. Charles, etc.*, 28 Mo. 373 ; *Blair v. Corby*, 37 Mo. 313. (8) The objections to the evidence were properly overruled, and no error was committed in giving and refusing instructions.

HENRY, C. J.—Plaintiffs sued defendant on a *quantum meruit* for work and labor and materials furnished in straightening and grading road-bed and removing old track and relaying the same on the line of said Crystal railway between Crystal Station on the Iron Mountain road and Hay's Landing on the Mississippi river. The balance claimed is $15,382.33. They obtained a judgment from which defendant has appealed. I do not deem it necessary to copy into this opinion the pleadings or instructions, or to detail the evidence except so far as may be necessary to a proper consideration of the questions involved.

The matters in controversy are the following :

1. Plaintiffs claim for the excavation of 2,685 cubic yards of flint rock at $4.45 per cubic yard, and defendant contends that they are only entitled to ninety-five cents, the contract price for the excavation of solid rock.

2. Plaintiffs claim compensation for the excavation of rock, made in consequence of the width of the cut being in excess of that required by the contract, while defendant insists that this extra excavation was not required by the contract, or made at defendant's request, but was a consequence of the negligent and unskilful manner in which plaintiffs did their work.

3. Plaintiffs claim compensation for other extra work which defendant contends was not done at its request or in consequence of any changes in its plans.

4. The defendant claims, as liquidated damages

fixed by the contract for the failure of plaintiffs to complete the work within the time agreed, twenty-five dollars per day from the day it should have been completed to the day it was finished; while plaintiffs' contention is that the delay was occasioned by changes in defendant's plans, and by reason of having to excavate a stratum of flint rock much more difficult to excavate than limestone rock, the latter of which they were by defendant induced to believe was the only solid rock they would encounter. The work was done under a written contract between the parties, executed on the thirtieth day of November, 1880, by which it was stipulated that the work should be finished within one hundred working days from the fourth of December, 1880; and that for every working day, beyond one hundred, that the complete and faithful execution of the contract should be delayed, the sum of twenty-five dollars per day should be deducted as liquidated damages, etc.

It was also agreed that defendant should pay for said work the following prices: "For earth excavation (five hundred feet average haul) twenty-two cents per cubic yard; for loose rock (five hundred feet average haul) twenty-two cents per cubic yard; for solid rock (five hundred feet average haul) ninety-five cents per cubic yard." The court by its instructions left it to the jury to determine the meaning of the term "solid rock." No evidence was offered by plaintiffs to show that the term "solid rock" was used in the contract in any other than its plain, ordinary and popular sense. The word "solid" is defined by Webster as follows: "Having the constituent parts so firmly adhering as to resist the impression or penetration of other bodies; hard, firm, compact, opposed to fluid and liquid, or to plastic, like clay or to incompact, like sand." "Custom may control and vary the meaning of words, giving even to such words as those of number, a sense entirely different from that which they commonly bear." 2 Pars.

Cont. (6 Ed.) *538; *Hinton v. Locke*, 5 Hill, 437; *Eaton v. Smith*, 20 Pick. 150.

But courts cannot adopt a construction of any legal instrument which shall do violence to the rules of language or to the rules of law. "The construction of all written instruments belongs to the courts alone, whose duty it is to construe all such instruments as soon as the true meaning of the words in which they are couched, and the surrounding circumstances, if any, have been ascertained as facts by the jury." *Neilson v. Harford*, 8 Mees. & W. 806-823. "If the meaning of the instrument by itself is affected with uncertainty, the intention of the parties may be ascertained by extrinsic testimony." 2 Pars. Cont. (6 Ed.) *564. "Where the whole matter passes in parol, all that passes may sometimes be taken together as forming part of the contract, though not always, because matter talked of at the commencement of a bargain may be excluded by the language used at its termination. But if the contract be in the end reduced to writing, nothing which is not found in the writing can be considered as part of the contract." Abbott, C. J., in *Kain v. Old*, 2 Barn. & C. 634. The only testimony introduced by plaintiffs' was to the effect that it was worth four or five times more to excavate flint rock than limestone; but their own witness testified on cross-examination that solid rock would be a compact mass of rock, as the contract says, and that if the contract did not speak of any material except solid rock and loose rock, solid rock would mean in that contract any kind of rock if it was solid.

The question propounded by plaintiffs to this witness, viz: "Suppose that you were shown, at the time the bid was made, limestone rock, how would the words 'solid rock' be construed in that case," should have been excluded. The hypothetical fact, if conceded, would not affect the meaning of the words "solid rock;"

but would be admissible on the issue of fraud or mistake. Surrounding circumstances are to be considered only when the meaning of the instrument is affected with uncertainty. *Kimball v. Brawner*, 47 Mo. 399. When the terms are clear and unambiguous the party can relieve himself of the liability they impose by proving fraud or mistake, or that by the custom they were used in these contracts in a sense different from their ordinary import. If the words were inserted by mistake the contract might be set aside. "For if the words employed were those intended to be used, but their actual meaning was totally different from that which the parties supposed and intended them to bear, still this actual meaning would generally if not always be held to be their legal meaning. Upon sufficient proof that the contract did not express the meaning of the parties, it might be set aside; but a contract which the parties intended to make but did not make cannot be set up in the place of one which they did make but did not intend to make." 2 Pars. Cont. (6 Ed.) *496. It was the duty of the court to construe the contract in this instance by its terms, there being no testimony tending to prove that the words "solid rock" were used in any other than their plain and popular sense.

As to the second and third points, which may be considered together: For any excavation of rock in excess of what was called for by the contract, occasioned by the unskilful or negligent manner in which plaintiffs did the work they had undertaken, they cannot recover. If, however, plaintiffs at defendant's request or in consequence of any change in the plans and specifications for the work did more work than was contemplated by the contract, they are, of course, entitled to recover for such additional work.

With respect to defendant's claim for liquidated damages: After the original contract was entered into and plaintiffs had performed a considerable portion of

the work, and after the expiration of the one hundred
days specified for the completion of the work in May or
June, 1881, at the instance of plaintiffs, a supplemental
agreement was entered into by which defendant waived
any claim for damages for the delay which had then oc-
curred and extended the time for the completion of the
work to the tenth day of July, 1881, and renewed the
stipulation with regard to liquidated damages for any
delay in the completion of the work after the tenth of
July, 1881. The work was not finished until the twenty-
fourth of December, 1881. In the absence of evidence
to show that the words "solid rock" were used in a
sense different from their ordinary and popular mean-
ing, the facts that plaintiffs, in the prosecution of the
work, encountered one or more strata of flint rock, af-
fords no defence against defendant's claim for liquidated
damages unless they can show that defendant falsely
and fraudulently represented to them that the rock to
be excavated was limestone rock. If they were delayed
in the completion of the work by having unavoidably
blasted more rock than was required by the width of the
cut while performing the work in a prudent, careful and
skilful manner, any delay occasioned thereby should be
allowed them in estimating defendant's damages for the
delay ; so for any delay occasioned by any changes in
the plan of the work, or any extra work done at defend-
ant's request. An honest expression of opinion by de-
fendant that the material to be excavated was limestone
rock, is no defence to defendant's demand for liquidated
damages, any more than it would entitle plaintiffs to
recover of defendant more than the contract price for
excavating the flint rock. And even if such fraudulent
representations were made by defendant to induce plain-
tiffs to enter into the contract, yet, if plaintiffs after-
wards entered into the supplemental contract with
knowledge that they would encounter a stratum of flint
rock in the prosecution of the work, they can neither

recover more than ninety cents per cubic yard for excavating the flint rock, nor successfully defend against defendant's claim for liquidated damages. It would be in effect a re-execution of the original contract with full knowledge that the representations made by defendant were false.

Nor was the testimony admissible that defendant's agent represented to another party, who contemplated making a bid on the work, that the rock to be excavated was limestone rock. That he made such a statement to another party was wholly irrelevant. If he had stated to another party that there was flint rock as well as limestone in the hill, it would, if the issue were properly framed as to fraud, be admissible to prove knowledge on the part of defendant. Parties are bound by the terms of their contract, and while it may be a hardship upon plaintiffs to be compelled not only to answer for liquidated damages for the delay in the completion of the work, but to accept ninety cents per cubic yard for excavating flint rock, it is the contract they made, and the courts cannot make a different one for them. "If a party, by his contract, charge himself with an obligation possible to be performed, he must make it good unless its performance is rendered impossible by the act of God, the law or the other party. Unforeseen difficulties, however great, will not excuse him." *Dermott v. Jones*, 2 Wall. 9; *Paradine v. Jayne*, 2 Alleyn, 27; *Beebe v. Johnson*, 19 Wend. 500; *School Trustees v. Bennett*, 3 Dutch. 513.

This cause was tried on a different theory of the law than that herein indicated as the correct one, and as to fraud in procuring plaintiffs to make the contract, it is not properly pleaded by the plaintiffs. There is no allegation in the petition, or in the replication, that in order to induce plaintiffs to make the contract, defendant, knowing there was flint rock in the excavation to be

made, falsely and fraudulently represented to plaintiffs that the solid rock to be excavated was limestone rock.

The judgment is reversed and the cause remanded. Norton and Sherwood, JJ., dissent.