W. C. PRICE, Respondent, v. DANIEL HAEBERLE, ADMINISTRATOR, Appellant.

St. Louis Court of Appeals, March 22, 1887.

1. CONTRACT—ATTORNEY AND CLIENT.—The death of a client does not revoke an attorney's authority to proceed, under a contract by which the attorney undertakes to prosecute to final adjudication a claim for an exclusively contingent compensation.

2. —— ADMINISTRATION.—Such a contract being entire, the administrator can not discharge the attorney without making the estate liable for the entire compensation stipulated for in the contract.

3. ———— The action having been begun prior to the client's death, and prosecuted to a successful issue thereafter, the entire claim is provable against the estate.

4. INSTRUCTIONS.—An instruction which assumes facts, which are conceded by all the testimony, is not, for that reason, erroneous.

5. ———— PRACTICE—AMENDMENT.—A dismissal of a part of a claim, and a judgment for the balance, on appeal from the probate court to the circuit court, is not erroneous because such amendment was not sworn to.

6. ———— LIMITATIONS.—The defence of the statute of limitations can not be raised for the first time on appeal.

APPEAL from the Greene County Circuit Court, W. F. GEIGER, Judge.

*Affirmed.*

F. S. HEFFERNAN, for the appellant : The plaintiff may be allowed the fees accruing to him for services rendered in the lifetime of the intestate, but not afterwards. The demand must be in existence at the time of her death. His authority, as an attorney for Aletha J. Roberts, ceased at her death. Rev. Stat., 1879, sect. 192; *Tusnan v. Tinkle*, 4 Cent. Law Journal, 263. Any service rendered by him after Mrs. Roberts' death the estate is not liable for. It is a personal liability of the administrator. *Lewis v. Kinealy*, 2 Mo. App. 35. Under our law and practice, there is no warrant for taxing counsel fees, except in partition suits. *Waters v. Waters*, 49 Mo. 385, 388; *Frisselle & Johnson v. Haile*, 18 Mo. 18. Hence, he can not have his fees allowed because of any lien he may think himself entitled to. *St. John v. Diefendorf & Allen*, 12 Wend. —— ; *Forsythe v. Beveridge*, 52 Ill. 268.

GOODE & CRAVENS, for the respondent : There is no force in the objection, that the plaintiff, by leave of the court, filed an amended statement of his demand in the circuit court, as no new item of account was introduced, and if objectionable at all, an appearance and trial after-

wards was a waiver of such objection. *Saulsbury v. Alexander*, 50 Mo. 132; *Gilstrap v. Fitts*, 50 Mo. 428; *Fordyce v. Hathorn*, 57 Mo. 120; *Burdsal v. Davie*, 58 Mo. 138.

THOMPSON, J., delivered the opinion of the court.

The plaintiff presented for allowance, in the probate court of Greene county, a claim against the estate of Aletha J. Roberts, deceased, in the hands of the defendant, as her administrator *de bonis non*, consisting of certain items claimed to be due for services rendered by the plaintiff, as an attorney at law, in prosecuting certain actions for the deceased. The probate court made an allowance, in favor of the plaintiff, for a part of the amount claimed by him, and from this allowance the administrator appealed to the circuit court. In the circuit court the cause was tried anew, before a jury; the plaintiff recovered a verdict for $1,035.50, and judgment was rendered thereon, from which an appeal is prosecuted to this court.

I. In the circuit court, against the objections of the defendant, the plaintiff was allowed to amend his statement, and this ruling is assigned for error. Upon this assignment it is sufficient to say that the objection was not predicated on the ground that the amendment set up a new and different claim, but merely on the ground, as stated in the bill of exceptions, that the amended statement was not like the original statement filed in the probate court, and for other reasons. The objection is totally without merit. The plaintiff recovered his verdict and judgment on a single item of his claim, and this item as stated in substantially the same way in his claim as filed in the probate court, and as presented in his amended statement.

II. Another contention is, that the probate court had no jurisdiction of the demand in dispute, because all of the services were not rendered during the lifetime of Mrs. Roberts. This position is equally untenable.

It is not disputed that, if the contract had been made with the defendant, as administrator, it would have been a personal obligation, merely. At least it would not have afforded ground for an action against the estate, but the administrator would have been bound to pay what was due under his contract, and to seek a reimbursement out of the assets of the estate by an application to the probate court. But the contract was made in 1877, during the lifetime of Mrs. Roberts. It was, as the plaintiff's evidence tended to show, and as the jury have found, a contract that the plaintiff should have one-half the damages recovered, in the event of success. The plaintiff entered immediately upon the performance of the contract, and so prosecuted the case that there had been one trial in 1880, before the death of Mrs. Roberts. This trial resulted in favor of the defendants. The plaintiff procured the verdict to be set aside, and the suit to be revived in the name of Wm. G. Roberts, as administrator, and prosecuted it to a judgment in the year 1882, which judgment was afterwards affirmed by the supreme court, on appeal. *Roberts, Adm'r, v. Nelson*, 86 Mo. 21.

It thus appears that the plaintiff had made with the decedent, in her lifetime, a contract, the performance of which he had entered upon, and under which a substantial right had accrued to him. At the time of her death that right was in the nature of a vested right, subject, of course, to be defeated by the failure on his part to prosecute to the end the duties which he had engaged to perform under the contract. In this state of the case, his contract was not determined by the death of Mrs. Roberts. Nor had the administrator any power to determine it without cause, if he had been so minded. It, therefore, does not fall within the reason of the rule of the cases which hold that an action will not lie against an administrator, in his representative character, for services rendered to the estate of a decedent, at the request of such administrator. The claim, from

its very nature, was not apportionable. It was an entire thing. The death of Mrs. Roberts did not absolve the plaintiff from the obligation which he had assumed, to her, of performing, on his part, the duties which he had undertaken, nor did it absolve her personal representative from complying with the contract on his part, by paying, out of the moneys recovered in the action which passed into his hands as her administrator, the portion of the amount recovered, which she had agreed with him to allow as his compensation.

III. Complaint is made of the instructions upon which the court submitted the case to the jury. The substance of the complaint is, that one of these instructions assumes that J. C. Freeman and S. Frost, between whom and the plaintiff the contract was made, were acting as the agents of Mrs. Roberts. There was no controversy on this point at the trial. All of the evidence, on both sides, showed that this was the fact. The court was, therefore, not bound to submit the question to the jury, because it was not controverted, and the court correctly gave an instruction which left that matter entirely out of view, and assumed, as an established fact, that J. C. Freeman and S. Frost had authority from Mrs. Roberts to make the contract. This objection, viewed in the light of the evidence, is frivolous.

IV. One of the grounds of the motion in arrest of judgment is, that the probate court, and, consequently, the circuit court, had no jurisdiction, because the amended claim filed in the circuit court was not sworn to as required by section 195, Revised Statutes. The original claim, filed in the circuit court, was sworn to in compliance with the statute; and that was enough, since the item of the amended claim upon which the recovery was had, was, substantially, in the language of the corresponding item in the original claim.

V. Another objection is, that the amended claim was analogous to a petition containing two counts, since it claimed two different amounts for legal services

rendered, which were separate causes of action. It is sufficient to say that the first item was abandoned at the trial, and that the cause was submitted to the jury only upon the second item. Moreover, this point was not raised in the motion in arrest of judgment.

VI. A considerable argument is made upon the assignment, that the court erred in overruling the appellant's motion for a new trial. This argument is directed entirely to the evidence and the facts of the case. It is sufficient for us to say, in response to it, that this action is in the nature of an action at law, that we are not a jury, and that this verdict is well sustained by the evidence.

VII. With regard to the suggestion concerning the statute of limitations, it is sufficient to say that the statute clearly had no application to the only item of the plaintiff's demand, which was submitted to the jury by the instructions, and upon which alone the jury returned their verdict. There was nothing tending to show that this item was within the statute; nor does it appear that the defence of the statute was in any manner suggested to the mind of the judge who tried the cause. Such a defence can not be raised for the first time in this court. *Wynn v. Cory*, 48 Mo. 346.

VIII. The suggestion in the appellant's brief, touching the statute of frauds, seems to be another attempt to raise, in this court, a defence which was not in any manner suggested in the court below. But the statute has no application to contracts which *may* be performed in one year (*Foster v. McO'Blenis*, 18 Mo. 88; *Suggett v. Cason*, 26 Mo. 221); and such was this contract.

IX. The error of the court, in ruling out evidence offered by the defendant, when presenting his defence in chief, tending to show that the contract had not been performed by the plaintiff, was cured by the act of the plaintiff, in withdrawing his objection to the evidence be-

fore the case was submitted to the jury. The reason assigned by the defendant for not introducing the evidence after the objection was thus withdrawn, namely, that he had closed his defence, and that other witnesses had been examined, was not a good reason. The case might have been different if he had made it appear that the witnesses, by whom he had expected to prove the fact, had left the court room, and were not accessible. But as the question is presented, he does not appear to have been at all prejudiced by the ruling. The order in which testimony is admitted is universally regarded as a matter within the sound discretion of the trial court, and it is, in general, sufficient that a party is allowed to get before the jury all the evidence which, under the issues, he is entitled to have them consider, before they retire to deliberate on their verdict.

X. It might be added, as a general observation upon the foregoing assignment of errors, that none of them touch the merits of the case ; and we are prohibited by statute from reversing the judgment of any court, unless we shall believe that error was committed by such court, against the appellant or plaintiff in error, materially affecting the merits of the action. Rev. Stat., sect. 3775,

The judgment is accordingly affirmed. All the judges concur.