HUNT & BOOTH, Plaintiffs in Error, v. HENRY HUNTER, Defendant in Error.

52 263
77 414

Kansas City Court of Appeals, January 2, 1893.

1. **Practice, Appellate:** TRIAL BEFORE COURT: INSTRUCTION. In trials by the court without a jury, the appellate court will not give that critical examination of instructions it otherwise would, since in such case the office of instructions is to merely show the theory of the court, and, if the instructions read together show that the court's view of the law was correct, there is no ground of complaint.

2.' **Construction:** LETTERS: OFFER TO CANCEL: ACCEPTANCE: COURT'S DUTY: EVIDENCE. Two letters set out in the opinion are construed to be an offer to cancel an existing contract, and an acceptance of that offer; and *held*, it was the court's duty to construe them, and any explanation of a private intention cannot control their evident meaning.

3. **Evidence:** CUSTOM: RECORD. On the record in this case it was proper to admit evidence of custom in relation to contracts like the one involved.

4. **Practice, Appellate:** OBJECTIONS: EXCEPTIONS. The statement in a brief that certain matters were admitted, or proven, cannot dispense with objections to testimony, and exceptions taken.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

THIS is an action for damages arising from alleged breaches of certain contracts for the sale and delivery of a lot of oats and corn, sold by defendant to plaintiffs in 1890. At the time of the making of the several contracts sued on and the alleged breaches thereof, and for some time prior thereto, the plaintiffs were copartners engaged in the business of wholesale grain dealers in the city of San Antonio, Texas; and defendant was engaged in the business of buying and selling grain at the city of Clinton, in Missouri.

The petition contains five counts. The first, second and third related to the oats, and the fourth and fifth to the corn.

The first count in the petition charges, in substance, that on the first day of September, 1890, the defendant did agree to sell and deliver to plaintiffs five thousand bushels of number 2 sacked oats, to be thereafter delivered to plaintiffs free on board the railway cars at the' city of Clinton, Missouri, or at any other place in Missouri, requiring the same freight rates to

common points in Texas, within a reasonable time from the date of said agreement; that plaintiffs were then to accept the oats and give shipping orders therefor to defendant, at Clinton, Missouri; that plaintiffs would pay defendant thirty-five cents per bushel for said oats, and pay for the same on such delivery; that a reasonable time had elapsed; that plaintiffs were ready and willing all the time to receive and pay defendant for said oats, according to the contract; that defendant refused and failed to deliver the same according to said contract; that plaintiffs were damaged and prayed judgment accordingly.

The charges in the second and third counts are substantially the same as to the alleged breaches; and the charges in the fourth and fifth counts are similar, except they relate to corn instead of oats, the breaches assigned being for the non-delivery of the corn, according to the terms of the agreement.

The answer of defendant admits the contracts as set out in the respective counts separately, except that it denies the allegations as to the time of the delivery; and substantially avers the contract to be that defendant was to deliver the said corn and oats to plaintiffs on board the railway cars at Clinton, Missouri, only after being directed so to do by plaintiffs, and after receiving from plaintiffs shipping orders therefor. The answer for a further and special defense to plaintiffs' cause of action avers that on or about October 13, 1890, plaintiffs notified defendant that they would be no longer bound by the terms of said contract; and that they would not receive the grain therein contracted to be delivered to them; and that defendant could consider himself released therefrom; and that immediately upon receipt of said notice he wrote plaintiffs accepting their release from said contract, and consented that the same be set aside.

A replication was filed by plaintiffs denying the new matter set up in the answer. The third count was abandoned. By consent of parties a jury was waived and the cause submitted to the court for trial. The plaintiffs produced and offered evidence in support of the allegations of the petition, and the defendant produced and offered evidence in support of the defense set up in the answer.

*B. G. Boone*, for plaintiffs in error.

(1) The instruction given by the court, at the instance of the plaintiffs, on the question of custom or usage, is unquestionably correct, and clearly announces the true rule, while the instruction asked by the defendant and given by the court is not the law. The instructions on the question of custom and usage are in conflict. The one or the other must be wrong. These two instructions are conflicting and cannot stand together. The principle announced in the plaintiffs' instruction is fully supported by the ruling of the supreme court in the cases of *Walsh v. Trans. Co.*, 52 Mo. 434; *Kimball v. Brainer*, 47 Mo. 398; *Freight Co. v. Stanard*, 44 Mo. 71, 82. The instruction of defendant is defective, in that it wholly omits the place or *locus in quo* of the transaction, and the knowledge, personal or constructive, of the parties to the contract. 52 Mo. 434, *supra;* 47 Mo. 398, *supra;* 44 Mo. 71, *supra.* (2) The court erred in declaring at the instance of defendant, as a matter of law, that the letter of plaintiffs to defendant, of date October 13, 1890, and read in evidence, was an offer on the part of plaintiffs to cancel the existing contracts between plaintiffs and defendant. As to whether said letter was or was not an offer to cancel the contracts, was a question of fact for the consideration of the jury or the court sitting as a

jury. "A party may always testify as to the intention with which he did an act, whenever it is material to the issues to determine what such intention was." *Vansickle v. Brown*, 68 Mo. 627, 634; *Fisk v. Chester*, 8 Gray, 506; *Thatcher v. Phinney*, 7 Allen, 146; *Snow v. Paine*, 114 Mass. 520. (3) In conclusion, it is urged that the court erred in admitting the evidence of defendant as to custom and usage. Even if admissible, it was wholly insufficient to establish a custom or usage of eight days, or five days, and should have been excluded.

*Thos. M. Casey* and *Calvird & Lewis*, for defendant in error.

(1) It was the duty of the court to construe plaintiffs' letter of October 13, 1890, on the question as to whether or not it was a cancellation. 2 Parsons on Contracts [6 Ed.] sec. 492, p. 648; *Edwards v. Smith*, 63 Mo. 119; *Fruin v. Railroad*, 89 Mo. 397; *Lumber Co. v. Warner*, 93 Mo. 374. (2) The court did not err in refusing to let plaintiff testify what his intention was in writing the letter of October 13. Parsons on Contracts [6 Ed.] sec. 496, p. 642. (3) The two instructions on custom and usage are not conflicting in the light of the facts of this case. (4) Under the evidence in this case the finding must have been for defendant, and, therefore, no error in giving or refusing instructions can work a reversal. *Fitzgerald v. Baker*, 96 Mo. 661.

ELLISON, J.—We have substantially adopted the statement of the case as made by plaintiffs, and, from that statement of the issues between the parties and of the legal questions involved in connection with the action of the court thereon, are of the opinion that the judgment should be affirmed.

The cause being heard by the court without a jury we will not give that critical examination of the instructions we otherwise would, since when no jury is called we only look to the instructions to discover the theory upon which the trial court proceeded. Keeping this in view it is evident that plaintiffs have no just ground to complain of the two instructions as to custom, one·for plaintiffs and one for defendant, on the score of inconsistency. . The two read together as one show that the court's view of the law of custom was correct and not inconsistent when applied to the case.

The plaintiffs contend that the court erred in construing their letter to defendant as an offer of cancellation. We think not. The portion of the letter necessary to notice follows a lengthy complaint of defendant's action under the contract, and is of the following purport (italics, ours): "In conclusion, we would say that if you hold such opinions as stated in your letter, it is much better that our mutual transactions *should cease.* There is no reason, whatever, why we should lose anything by this car. We, therefore, add interest to our new bill against you for the car. Formerly our business relations together have been very pleasant, and if things can continue in their accustomed way we should be very glad to trade again with you, *but not otherwise.*"

To this the defendant made the following answer: "So far as your relations with me ceasing, that is all right. I will load the car for Laredo, in fact, the car may now be loaded, for all I know, and that can end our business relations, as you so wish. I wrote you over a week since for billing for unfilled orders, and, as you do not send them, will cancel same." We regard plaintiffs' letter as a proposition for cancellation and defendant's answer as an acceptance. And in this connection will state that it was proper for the court to

interpret and construe the two writings. *Edwards v. Smith*, 63 Mo. 119; *Fruin v. Railroad*, 89 Mo. 397; *Black River Lumber Co. v. Warner*, 93 Mo. 374. Plaintiffs' intention in writing this letter seems to be sufficiently plain and apparent from its terms, and any explanation as to private intention ought not to be permitted to control its evident meaning.

So far as we are advised by this record it was proper to admit ·evidence as to custom in relation to contracts like the one involved herein. No evidence is presented to us by the abstract. No objections to testimony appear. The fact that appellants have set out in their brief matters which they state were admitted to have been proven, or, if not admitted, conclusively proven, cannot dispense with the necessity of objections to testimony and exceptions taken to the overruling of such objections, in order that we may notice them.

We can discover no error at the trial and, therefore, affirm the judgment. All concur.