### LEON BLUM v. J. T. BROWN.

#### No. 936.

**Contract Construed—Performance.**

Plaintiff's contract with defendant was that he would sink a well on defendant's land which would furnish sufficient water for defendant's stock, but it contained no stipulation as to the quality of the water, and the fact that the water proved not suitable for the stock to drink could not defeat plaintiff's recovery, where the agreed quantity had been furnished.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*Scott, Levi & Smith,* for appellant.

*John C. Walker,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellee, J. T. Brown, recovered a judgment in the District Court of Galveston County against Leon Blum, the appellant, for the sum of $1100 and interest upon a contract to sink a well upon the appellant's ranch in Lampasas County. The

contract entered into by the parties was that the appellee was to sink a well on the premises of appellant at a place designated by the appellant and get water of a sufficient quantity for 50 or 75 head of stock, a stipulated price to be paid when the water was obtained. There was no agreement about the quality of the water and nothing was said about it in making the contract. Appellee sunk the well at a place pointed out by the appellant and obtained a sufficient quantity of water as agreed upon, but the appellant refused payment for the alleged reason that the water was not of a suitable quality.

The trial in the court below was by a jury and evidence was received upon an issue as to the quality of the water.

A reversal of the judgment is sought for errors assigned upon the admission of evidence, and in the giving and refusing of instructions to the jury by the court, and also that the verdict of the jury was against the evidence, which, it is contended, showed that the essential purpose and object of making the contract was, within the meaning and intention of both parties, to obtain suitable drinking water of sufficient quantity for the stock, and that appellee undertook to do so before he should be entitled to any compensation whatever.

In view of the construction of the contract made by this court, it is unnecessary to examine the evidence to see if any conclusion that might be involved in the verdict that the water was of a suitable quality for drinking by the stock ought to be sustained. Nor is it necessary to pass upon the questions raised as to the evidence and the charge of the court, for they all become immaterial. By the term of the contract appellee's compensation was made to depend upon his getting a sufficient quantity of water for the number of stock mentioned. Nothing was said about the quality of the water, and there was no agreement that it should be of a suitable quality. To engraft upon the contract a condition that the water should also be of a quality suitable for drinking would be to imply a condition that does not appear upon the face of the contract. Appellee's contract was not to sell water of his own to the appellant, but to procure for him on his own land at a place pointed out by him a sufficient quantity of such water as the appellant had. The water was the property of the appellant, and though he knew nothing of its quantity or quality, neither did the appellee. It would be unreasonable to imply the further condition that the water should be of suitable quality, when the appellant had only contracted for a sufficient quantity. Since the evidence conclusively shows that the quantity of water called for by the contract was obtained, it is immaterial whether it was suitable for the stock to drink or not; and, as all the errors assigned affect that issue only, they will not be passed upon.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered November 7, 1895.

Writ of error refused.