M. DEARMIN, Appellant, v. HENRY SCHNELL, Respondent.

Kansas City Court of Appeals, May 31, 1897.

Evidence: WRITTEN CONTRACT: VARYING BY PAROL: WATER. Where parties have reduced their contract to writing, it will be conclusively presumed in the absence of fraud, accident, or mistake that such writing included the whole agreement and the extent and manner of the undertaking; and where, in a contract for digging, a well digger "agrees to furnish thirty barrels of water per day or no pay," parol evidence will be permitted to show that water meant fresh water and not salt.

•Appeal from the Howard Circuit Court.—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*O. S. Barton* and *Crawley & Son* for appellant.

᳁ (1) The trial court erred in giving the instruction in the nature of a demurrer to plaintiff's evidence. The contract itself is plain and explicit. It is silent as to the kind or quality of the water. There is no pretense that it does not contain the entire agreement of the parties. It stipulates merely a certain quantity, or no pay. (2) The writing embraced the entire contract upon which the minds of the parties met; and parol evidence was not admissible to control or enlarge its terms. *Murdock v. Granahl,* 45 Mo. 135; *Pearson v. Carson,* 69 Mo. 550; *Morgan v. Porter,* 103 Mo. 135; *Tracey v. Iron Works,* 104 Mo. 193; *James v. Clough,* 25 Mo. App. 147; *Hair Co. v. Walmsley,* 32 Mo. App.

115; *Brum v. Brown*, 33 S. W. Rep. (Tex.) 145; *Fruin v. R'y*, 89 Mo. 397.

*Thos. Shackelford, R. B. Caples*, and *W. M. Williams* for respondent.

(1) It was the province of the trial court to construe the written contract of the parties. *Chapman v. R. R.*, 114 Mo. 542. (2) It was proper for the court to be informed of the situation of the parties, and the circumstances surrounding them, at the time the contract was made, and it should be interpreted in the light of the circumstances attending its execution. *Fairbanks v. De Lissa*, 36 Mo. App. 711; *Edwards v. Smith*, 63 Mo. 119. (3) "The real intention of the parties to the contract should control the letter, and the strict letter may be abridged or enlarged so as to give effect to the intention of the parties as gathered from the whole instrument, and the contract may be read in the light of the circumstances under which it was executed." *Depot Co. v. R'y*, 113 Mo. 213–215; *County of Johnson v. Wood*, 84 Mo. 489. (4) The plaintiff was not entitled to recover, unless the proof showed performance of the contract upon his part. *Vincent v. Morrison*, 58 Mo. App. 497; *Jackson v. Creswell*, 61 N. W. Rep. (Iowa) 383. (5) Persons in the making of contracts are presumed to employ words in their usual sense and ordinary meaning. *Goode v. City of St. Louis*, 113 Mo. 257. (6) The contract in this case required the plaintiff to bore a well that would furnish thirty barrels of water per day, not thirty barrels of salt water, soda water, sulphur water, magnesia water, but water. The ordinary meaning of this word would not include any of the prefixes above mentioned. The contract to furnish water would not be complied with by furnishing mineral water, unfit for general

purposes. The courts will look to the purpose and intention of the parties in making contracts to determine their meaning. The contract was to furnish "water" not "brine." The word was used in its ordinary sense.

GILL, J.—Plaintiff sued defendant for the price of digging a well on the latter's farm. The contract between the parties was reduced to writing and was as follows:

"GLASGOW, Mo., Dec. 6, 1895.

"This is to certify I have this day agreed to let M. Dearmin bore and drill me a well on my farm two miles east of Glasgow. 35 cents, thirty-five cents, per foot for boring, and $1.00 per foot for drilling, except lime and flint rock, which I agree to pay $2.00 per foot; and I agree to board two hands and three horses, and furnish all necessary casing. M. Dearmin agrees to furnish thirty barrels of water per day, or no pay, and will do the work at once, as soon as Mr. Bentley's work is complete.

"JOHN R. PRICE,
"Agent for M. DEARMIN.
"HENRY SCHNELL."

It is conceded that plaintiff dug the well, through earth and rock, to the depth of four hundred and thirteen feet, and that it furnished much more than thirty barrels of water per day. But the defendant refused to pay for digging the well, as provided in the contract, for the alleged reason that the water therefrom was not of the quality he desired—that it was *salty*.

At the trial, plaintiff introduced the contract in evidence, made proof of the digging (showing how many feet of rock, earth, etc., he bored through) and that according to the terms of the contract defendant owed him the sum of $604.16, which said defendant refused

Dearmin v. Schnell.

to pay him. On the cross-examination of plaintiff's witnesses, the court, over plaintiff's objections, allowed defendant's counsel to ask and said witnesses to testify in relation to defendant's business, that he conducted a farm, raised vegetables for the market, and that defendant said he wanted the well for irrigating the vegetables, supplying his stock and to be used in case of fire, etc. There was no pretense, however, that any of these conditions entered into the terms of the contract other than that plaintiff's agent, who made the contract on behalf of his principal, testified that he advised the defendant at the time that plaintiff "would not guarantee any certain kind of water." Plaintiff also testified that while the work was in progress and when they were down about three hundred and sixty-three feet defendant said to him: "If you strike salt water I will get the worst of it, and if you don't strike any water at all you will get the worst of it." There was no evidence as to the character of the water except that it was *salty*. As to what degree it was so impregnated, and whether for that reason it was unfit for any particular use, there was no testimony whatever.

At the close of plaintiff's evidence the court gave a peremptory instruction to find for the defendant. The plaintiff thereupon took a nonsuit with leave; and after an unsuccessful motion to set the same aside, brought the case here by appeal.

In our opinion the learned trial judge was in error, both as to the admission of testimony tending to establish a different contract than that contained in the writing, and again in sustaining a demurrer to plaintiff's evidence. The written contract between EVIDENCE: written contract: varying by parol: water. the parties was clear, unambiguous and complete within itself, and it was erroneous to permit it to be added to or varied by parol. It was an attempt to engraft on to the writ-

ten contract additional oral stipulations which tended to prove another and different engagement than the one entered into in writing by the parties. This ought not to be allowed. *Jas. T. Hair Co. v. Walmsley*, 32 Mo. App. 115; *Pearson v. Carson*, 69 Mo. 550; *Fruin v. Railway Co.*, 89 Mo. 397; *Morgan v. Porter*, 103 Mo. 135. As said in the case last cited: "Where parties have reduced their contract to writing, it will be conclusively presumed in the absence of fraud, accident or mistake, that such writing included the whole engagement and extent and manner of the undertaking."

The plaintiff in the case at bar undertook to dig a well on the defendant's farm, and at such point as the latter would direct, at and for a stipulated price per foot for dirt, rock, etc., coupled with the sole condition that he would strike water flowing not less than thirty barrels per day; and that if he failed in this he should receive no pay. The defendant on the other hand agreed that if water to that extent was reached he would pay the agreed prices per foot for the digging. There was no agreement as to what character of water was to be reached; any kind of water—clear, colored, mineral or fresh—answered the terms of the contract. The defendant took the chances as to the character of water. His interpretation of the contract was correct, when, according to plaintiff's evidence, he (the defendant) stated to plaintiff: "If you strike salt water I will get the worst of it, and if you don't strike any water you will get the worst of it."

This was not the purchase of an article for a particular use, made known to the seller, the buyer relying on the seller's judgment and where in such case there may be an implied warranty that the article furnished is reasonably fit and suitable to that purpose. The water already belonged to the defendant and plaintiff simply agreed to sink a well at a point named by

defendant until water of a certain amount should be reached. He did not agree that the water should be of any particular kind or quality. A case in point was lately decided by the Texas court of appeals. *Brum v. Brown*, 33 S. W. Rep. 145.

The judgment will be reversed and the cause remanded. All concur.