CRESCENT PLANING MILL COMPANY, Appellant, v. HERMAN H. SPILKER, Respondent.

St. Louis Court of Appeals, December 13, 1898.

1. **Mechanic's Lien**: INSTRUCTIONS. In the case at bar, the instructions are faulty but it does not follow that the judgment must be reversed on that account.

2. **Practice, Appellate**: REVERSAL OF TRIAL COURT. The appellate court will not reverse the judgment of the trial court unless the appellate court is of the opinion that error was committed by the trial court against the appellant which materially affected the merits of the action.

3. **Practice, Trial**: INSTRUCTIONS. When a trial is before the court instructions or declarations of law are useful only in determining if the court decided the case upon the correct theory; and a judgment will not be reversed because an instruction assumes a fact to be true about which these is no controversy.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

LEE W. GRANT for appellant.

The essential element of estoppel must be that the party setting up the estoppel must have been himself misled or deceived by such act or conduct. The primary ground of the doctrine is that it would be a fraud on a party to assert what his previous conduct had denied when on the faith of that denial others

have acted.    Bates v. Perry, 51 Mo. 453; Spurlock v. Sproule, 72 Mo. 508; Brick Co. v. Sadring, 68 Mo. App. 15.    The doctrine of estoppel can not be invoked unless what was said or done by the party to be estopped can be shown to have influenced the conduct of the other.    Eitingeorge v. Bldg. Ass'n, 69 Mo. 52; Acton v. Dooley, 74 Mo. 63; Rogers v. Marsh, 73 Mo. 64.    The evidence does not show that Spilker made the payment of $400, believing that the $140 for which the receipt of February 7, 1896, was given, had been paid.    The onus is on a party setting up an estoppel to make out the facts on which it rests.    Petring v. Chrisler, 90 Mo. 649.    The vice of both declarations of law offered by defendant and given is that they ignore entirely the question whether plaintiff had knowledge of the use to which defendant Fischer intended to make of the receipt of February 7, 1896. Brick Co. v. Sadring, 68 Mo. App. 15.    The doctrine of estoppel can not be invoked unless the act of the party relied on as an estoppel was done with the intent that the other party should act upon it.    Burk v. Adams, 80 Mo. 504.

LUBKE & MUENCH and GEO. W. LUBKE, JR., for respondent:

The declarations of law asked by and given for the defendant state the law with reference to the waiver of a mechanics' lien properly, and are both authorized under the evidence.    Lumber Co. v. Park Ass'n, 64 Mo. App. 377; Brick Co. v. Sadring, 68 Mo. App. 15, and cases cited.    Rand v. Grubbs, 21 Mo. App. 591. Where there is a conflict of evidence on any proposition in a case tried in the circuit court by the court sitting as a jury, the finding of the trial court on that evidence will be taken as conclusive upon the appellate

court, and will not be disturbed by it.   Helm v. Helm, 52 Mo. App. 615; Martin v. Nichols, 54 Mo. App. 594; Bray v. Adams, 114 Mo. 486; State ex rel. Pitts v. Cummings, 72 Mo. App. 479.

BIGGS, J.—This is a suit to enforce a mechanics' lien against a house and lot belonging to the defendant Spilker.   The defendant Fischer was the contractor for the construction of the house.   The plaintiff claims that it furnished to Fischer  materials for the house of the contract value of $283.62, and that on February 20, 1896, he paid $140 on the debt, leaving a balance due of $143.62.   Subsequently a mechanics' lien was filed.   There was no dispute at the trial as to the filing of the lien  or the giving of the notice of  an intention to file it, or that the materials were not furnished and used in the building.   There was some evidence tending to show that some of the window sashes and the columns of the building were not in accordance with the specifications, but were inferior in dimensions and materials, which would make a difference in their value of $4 or $5.   The defense was that the plaintiff had waived his right to a lien or that he was estopped to enforce it as against Spilker.   The facts relied on by Spilker, and which his evidence tended to prove, briefly stated are these: Under the contract between Spilker Fischer, the latter was to be paid in installments as the work progressed.   Spilker borrowed the money to pay for the house from a building and loan association. After paying the first installment, Spilker and the secretary of the association required Fischer, before receiving a further payment, to produce a statement of the disbursement of the money last paid to him, in order that Spilker and the association might know and see to it that the money was used to pay the debts contracted by Fischer in the construction of the building.

The second instalment was due Fischer in February, 1896. On the seventh of that month, the plaintiff gave Fischer a receipt for $140 as paid on the account and accepted his individual check on a local bank for that amount. Plaintiff, claimed that the check was not paid. Spilker proved that the president of the plaintiff testified on a former trial of the cause that the receipt was given to Fischer to enable him to collect the second instalment due him under the contract. On the faith of this receipt Spilker made the second payment to Fischer. The plaintiff's president testified that Fischer paid $140 of this money to him in satisfaction of the unpaid check. Subsequently Fischer failed to pay the debts contracted by him in connection with the house, which Spilker was compelled to pay in amounts in excess of the balance due Fischer under the contract.

The cause was submitted to the court without a jury. The defendant asked the following instructions, which the court gave, and of which the plaintiff complains:

"If from the evidence the court believes that the defendant Spilker on the faith of the receipt from plaintiff to the contractor Fischer for $140, dated February 20, 1896, presented to him by said Fischer, paid on February 20, 1896, to said Fischer the third payment, amounting to $400 agreed to be paid under the terms of the contract between him and said Fischer, which otherwise he would not have paid, and that at said time Fischer had not paid to plaintiff the money for which said receipt purported to have been given, then plaintiff has waived its right of lien to the extent of said $140, as against the defendant Spilker."

"Even though the court from the evidence finds that the $140 receipted for by plaintiff to Fischer, on February 7, 1896, was actually paid by said Fischer to

plaintiff, yet, if from the evidence the court believes that the money so paid was paid by said Fischer out of the third payment of $400, and that said payment was obtained on the strength of the receipt of February 7, 1896, then in addition to the sum of $140 credited in the lien account on February 18, 1896, plaintiff has waived its lien right in the further sum of $140."

The court found the issues for Spilker, and judgment was entered in his favor as to the lien. The plaintiff has appealed.

The first objection urged by plaintiff against the foregoing instructions is, that there is no evidence that the plaintiff knew the use that Fischer intended to make of the receipt. Mr. Trebus, the secretary of the building and loan association, testified that Mr. Humber, the president of the plaintiff, admitted and so testified on a former trial of the cause, that he gave the receipt to Fischer to enable him to collect the second instalment then due under his contract with Spilker. This is sufficient to dispose of the objection.

The second objection is, that the declarations of law ignore the question of plaintiff's alleged knowledge of the use which Fischer intended to make of the receipt, which plaintiff claims was necessary to create an estoppel. Technically speaking, the instructions are faulty in the respect complained of. It does not follow, however, that the judgment must be reversed on account of this defect. The plaintiff failed to contradict the testimony of Trebus as to the admission of Humber on the first trial, and it failed to show by any affirmative evidence that its officers had no knowledge that Fischer intended to make use of the receipt to get the other instalment due him. The statute provides, that the judgment shall not be reversed, unless the appellate court shall believe that error was committed by the trial court against the appellant, which materially

affected the merits of the action. (R. S. 1889, sec. 2303.) When a trial is before the court instructions or declarations of law are useful only in determining if the court decided the case on the correct theory. Hunt v. Hunter, 52 Mo. App. 263; Hartford v. Davis, 59 Mo. App. 405. Again, it has been decided by this court that a judgment will not be reversed because an instruction assumes a fact to be true about which there is no controversy. (Price v. Haeberle, 25 Mo. App. 201.) We would say that the correct decision of such a question would depend upon the facts of each particular case, and ought to be determined by the application of the foregoing provision of the statute. Under these authorities we think that this objection to the instructions ought likewise to be overruled.

Again it is insisted that there is no evidence to show that Spilker was injured by the use of the receipt by Fischer. The evidence shows that Spilker required Fischer to show what disposition he had made of money previously paid to him, in order that the former might know that he could safely make other payments; that on the faith of the receipt Spilker made another payment to Fischer; that the latter failed to pay the debt he contracted for labor and materials about the construction of the house, and that Spilker was compelled to pay them in amounts in excess of the balance due Fischer under the contract. The fair inference to be drawn from this evidence is that but for the receipt which Fischer exhibited to Spilker the latter would not have made the second payment, but would have retained and used it in paying the liabilities against his house. We, therefore, conclude that this objection is not well taken.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.