DORRYL L. BUCK, RESPONDENT, v. RADCLIFF MOTOR COMPANY, A CORPORATION, APPELLANT.—125 S. W. (2d) 888.

Kansas City Court of Appeals. March 6, 1939.

*A. T. Sharp* and *Sprinkle & Knowles* for appellant.

752

*J. H. Snyder* for respondent.

SPERRY, C.—This is a suit for actual and punitive damages, based on false and fraudulent representations in the sale of an automobile. Dorryl L. Buck, the purchaser, was plaintiff (and will be so called in this opinion), and sued Radcliff Motor Company, a corporation, John Radcliff, its president and manager, and G. T. Hendrickson, alleged to be a salesman for the Radcliff Motor Company, who were defendants below. The cause was tried to a jury, but was submitted only as to Radcliff Motor Company, which will be referred to herein as defendant. From a judgment for plaintiff for actual damages

in the sum of $290, and for punitive damages in the sum of $500, defendant prosecuted this appeal.

Plaintiff wanted to purchase an automobile and Hendrickson told him he had the automobile, which is the chief subject of this law suit, for sale. The speedometer thereon showed that the car had been driven 17,000 miles. Plaintiff asked Hendrickson if that was the actual number of miles the car had been driven and was assured that was correct. Plaintiff also asked Hendrickson if the car had ever been used as a taxicab, and Hendrickson told him that it had not, that it had been acquired from a private owner who had several children and that the evidence of unusual wear on the upholstery of the back seat was not due to taxicab service, but was due to the fact that the children stood up in the seat. As a matter of fact the car had been driven about 35,000 miles and had never been in any service except that of a taxicab, both of which facts were known to defendant corporation, but apparently Hendrickson made no effort to learn said facts. Plaintiff would not have purchased the car had he known the truth as to these matters but he did not know the true facts, believed the false statements made to him by Hendrickson, relied thereon, and bought the car, paying the sum of $490 therefor.

Defendant complains of the action of the trial court in overruling its demurrer to the evidence, filed at the close of the case. In view of this contention we have set out the facts in the light most favorable to plaintiff; and in referring to other facts and circumstances in the course of this opinion, in dealing with the demurrer, we shall be guided by the same principle of law. [Raw v. Maddox, 93 S. W. (2d) 282, 1. c. 283.]

We are not called upon to pass on the demurrer as to Hendrickson, but only as to defendant who urges two reasons why it says same should have been sustained, the first being as follows:

That there was a valid legal assignment of the title to the said automobile from defendant to Hendrickson prior to its sale to plaintiff, and that, therefore, Hendrickson was acting for himself in selling the car which he owned.

It is admitted by all parties that prior to May 28, 1937, the automobile in question was owned by defendant. Radcliff and Hendrickson testified to the effect that on that date defendant sold said car to Hendrickson and received his check in payment thereof, and that it then and there executed and delivered to him the certificate of title thereto, signed but not acknowledged, and lacking the name of any purchaser. The certificate of title was in evidence, signed by an agent of defendant, transferring title to said car to plaintiff, who was named therein, dated and acknowledged before a notary public on May 29, 1937. It was delivered to plaintiff on said date, by Hendrickson, who took it from the office of defendant immediately after

same had been fully executed, under seal, by an authorized agent of defendant; and plaintiff paid Hendrickson the full purchase price at the time of delivery of the car and title. Hendrickson never had title to the automobile. [State ex rel. Conn. Fire Ins. Co. v. Cox, 306 Mo. 537, l. c. 552; Mathes v. Westchester Fire Ins. Op., 6 S. W. (2d) 66, l. c. 68; Sullivan v. Gault, 299 S. W. 1116, l. c. 1117; Crawford v. General Exchange Insurance Corporation, 119 S. W. (2d) 458, l. c. 459.]

It is next urged that the agency of Hendrickson cannot be predicated solely on defendant's violation of statutes of the State with reference to the transfer of motor vehicle titles. Defendant's president and manager testified that the certificate in its form when introduced in evidence was executed by defendant's authorized agent. The instrument is duly acknowledged under notarial seal, and recites that Radcliff Motor Company *sells and assigns* the automobile here involved, for a valuable consideration, to Dorry L. Buck. It was executed May 29, and was given by defendant into the custody of Hendrickson, after same was fully executed, who, immediately thereafter, delivered it, together with the automobile described therein, to plaintiff and received full payment therefor. This evidence comes from defendant itself, and its legal effect can only be, and is, that defendant sold its property to plaintiff, using Hendrickson as its chosen agent for the manual delivery of the property, as well as the habiliment of title thereto, and for receiving for it, the proceeds of said sale. The testimony of Radcliff and Hendrickson, together with the certificate of title, establish the fact that Hendrickson was the agent of defendant in this transaction beyond cavil. [Brigham v. T. D. Judy Investment Company, 186 S. W. 15, l. c. 21.]

The court properly ruled the demurrer to the evidence.

It is next contended that "the court erred in giving plaintiff's instruction number one because said instruction covers the entire case and directs a verdict and erroneously permits the jury to pass upon the legal question of ownership and agency without any facts upon which to base the said decisions or without any guide from the court as to how the decisions are to be reached." The criticism is not well made in this case. While we are not required or permitted to view the evidence in the light most favorable to plaintiff, in passing upon the language of an instruction, for the reason that the court may not, therein, assume controverted facts, yet when the admitted facts decisive of the case establish conclusively certain ultimate facts and no others, then there can be no error if the instruction given assumes said ultimate facts. [Price v. Haeberle, 25 Mo. App. 201, l. c. 205; Burke v. Robinson, 271 S. W. 1005, l. c. 1007.] There is no dispute as to the facts which either do or do not establish the two ultimate facts of ownership and agency. The only dispute between the parties

here is whether or not the admitted facts, proven by both parties, establish ownership and agency. As a matter of law they do establish both without the necessity of viewing them from a standpoint more favorable to plaintiff than to defendant. It was not error to fail to hypothesize all of said admitted facts, and require a finding thereon. [Eisenberg v. Nelson, 247 S. W. l. c. 244.] In requiring the jury to find the ultimate facts of ownership and agency, as it did, although it did not require the finding of undisputed facts establishing same, the instruction cast a greater burden on plaintiff than it legally bore. Defendant contends the question of ownership and agency is one of law, given a certain state of facts. The facts establishing same were here present, undisputed, and but one conclusion could have been drawn therefrom.

Instruction number two, given for plaintiff, is criticised for the asserted reason that it, in effect, informed the jury that implied agency and agency by estoppel were in the case when, it is said, there was no evidence to sustain such proposition. Assuming that the instruction is erroneous for the reasons given, from what we have heretofore stated it follows that it is an error wholly harmless to defendant and did not affect in any way the merits of the action. Such error is not reversible error. [Section 1062, Revised Statutes of Missouri, 1929, and cases there cited.]

Instruction number four is said to be erroneous for the reason that it permitted the jury to determine what, if any, was the violation of the law. The giving of the instruction was unnecessary under the circumstances of this case; and, although it may not be as clearly worded as it should have been, yet the giving of it in the language used, if erroneous, was error harmless to defendant, and not reversible error.

The state of the evidence left no undisputed facts for the jury to pass upon except those as to the making of the alleged representations, their truth or falsity, their effect, and the amount of damages sustained by plaintiff, if any. Defendant charges no error in connection with these matters. We hold that there was no error of which it may complain as to the matters it assigns. The judgment should be affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The above opinion of SPERRY, C., is adopted as the opinion of the court. The judgment of the circuit court is affirmed. All concur.