Fay PORTER, Respondent,

v.

FARM BUREAU LIFE INSURANCE COMPANY, Appellant.

No. 22939.

Kansas City Court of Appeals.

Missouri.

April 6, 1959.

Ewing, Ewing, Ewing, Carter & Wight, Nevada, Mo., for appellant.

E. J. Murphy, Butler, for respondent.

SPERRY, Commissioner.

Plaintiff, beneficiary of a life insurance policy issued to her son by defendant, sued defendant for double indemnity because of the accidental death of insured. Defendant had paid the principal sum of the life policy but denied that a contract was ever made whereby it became liable for double indemnity because of accidental death. From a verdict and judgment in favor of plaintiff in the amount of $5,000, defendant appeals.

■ The facts are few, simple, and not in dispute. Defendant's agent solicited insured to apply for a life insurance policy. Under date of April 15, 1957, insured signed an application for a policy providing for life insurance in the amount of $5,000, and for double indemnity in case of accidental death. The application was attached to the petition and made a part thereof. It was also received in evidence. It provides, in part, as follows:

"Received From Richard Porter $27.05 in *connection* with the initial premium on the proposed insurance for which an application is this day made to the Farm Bureau Life Insurance Company of Missouri On the Life Of Richard Porter. (Emphasis ours.)

"Life Insurance and Accidental Death Benefit (Di) in the amount applied for * * * shall be deemed to take effect as of the date of this receipt, *subject* to the terms and conditions printed on the reverse side hereof and providing the sum hereby paid is equal to the full first premium for the insurance applied for. (Emphasis ours.)

"*Subject to the limitations* of this receipt and the terms and conditions of the policy that may be issued by the company on the basis of the application, the Life Insurance (and Accidental Death Benefit, if any) *shall not be deemed to take effect unless*: (1) the company, after investigation and such medical examination, if any, as it may require, shall be *satisfied* that the Applicant on the date of this receipt was insurable at *standard* rates for the amount of Life Insurance and any Accidental Death Benefit applied for according to the company's rules and practice of selection, and (2) the application is *accepted* and *approved by the Company* at its Home Office in Jefferson City, Missouri, provided, how-

ever, that the approval by the company of the insurability of the Applicant for a plan of insurance other than that applied for, or the denial of Accidental Death Benefit (Di), Waiver of Premium Disability Benefit (WP) shall not invalidate the terms and conditions of this receipt relating to Life Insurance." (Emphasis ours.)

The amount paid was on the theory and basis that applicant was a "standard" risk. Defendant's evidence was to the effect that, because of applicant's particular occupation, he was not a "standard" risk for double indemnity; that, for that coverage, two dollars more in premiums was required; and that the application was approved and policy issued for $5,000 life insurance, and disapproved, at applicant's request, for double indemnity. Applicant died of an accident May 26, 1957, before the life policy was delivered and before that portion of his payment which was allocated to double indemnity was refunded. The death benefit was paid in full and tender of the balance of the deposit for double indemnity was made.

■ Plaintiff relies on this conditional receipt as the foundation of her cause of action. She, therefore, vouches for its genuineness and that of insured's signature. Insured is bound in law to have known that, simply because he paid a sum of money, $27.05, "*in connection* with the initial premium for *proposed* insurance * *," he did not actually have *any* insurance. He is bound to have known of and to have ratified and agreed to *all* of the terms of the instrument which he signed. This is true because he signed it. 6 Blashfield Automobile Law and Practice, 531, Sec. 3921; Appleman Insurance Law and Practice, p. 25, Sec. 9405; Herndon v. Triple Alliance, 45 Mo.App. 426, 432; Dickinson v. Bankers Life & Cas. Co., Mo.App., 283 S.W.2d 658, 663; Gooch v. Motors Insurance Co., Mo. App., 312 S.W.2d 605, 609–610. The application was contractual in nature. Dickinson v. Bankers Life & Cas. Co., supra, 283 S.W.2d 662.

When the application was signed and the money paid, applicant *offered* to take a policy of insurance from defendant *if* defendant *accepted and approved* the application. No contract for issuance did or could come into existence until the offer was accepted.

■ Plaintiff offered not a scintilla of evidence tending to prove that defendant ever approved the application for double indemnity insurance, or that it ever, by word or act, indicated to insured that it did approve the application for double indemnity in case of accidental death. There was no evidence that that part of applicant's offer was ever accepted. Plaintiff's case, in this regard, is not aided by any evidence offered on behalf of defendant. Its evidence was all to the effect that it never approved the application for double indemnity insurance. It is axiomatic that before plaintiff was entitled to have her case submitted to the jury there must have been substantial evidence from which the jury could have found that a contract of insurance was made. There is no such evidence in this record, and a contract cannot be made out by estoppel, if none was shown to exist. Proof of acceptance of two dollars, standing alone, "in *connection* with the initial premium on the proposed insurance" (double indemnity), under the terms and conditions stated in the application, is no evidence that a contract for double indemnity for accidental death ever came into existence.

The judgment should be reversed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.