Opal SUMMERS (Plaintiff), Respondent,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA (Defendant), Appellant.**

No. 30445.

St. Louis Court of Appeals.
Missouri.
June 21, 1960.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 6, 1960.

John H. Lashly, Paul B. Rava, Paul R. Moody, Lashly, Lashly & Miller, St. Louis, for appellant.

Louis Gilden, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action for $1,000 alleged to be due the plaintiff as the beneficiary of an alleged policy of insurance on the life of her husband, Dillard L. Summers. The trial court directed a verdict for the defendant Insurance Company and entered a judgment for the defendant. Upon motion for a new trial filed by the plaintiff, the court granted a new trial and the defendant has appealed.

The evidence was that the defendant's agent named Tischluse called at Dillard L. Summers' home for the purpose of selling life insurance. This call was made on March 10, 1958, and at the time Dillard L. Summers, his wife, Opal Summers, his daughter, Ange Summers, and a son named Sammy were present. They decided that they would take out life insurance policies of $1,000 on each member of the family present. Applications were drawn up and signed, and Ange gave Mr. Tischluse a check for $47.03, which was in payment of an amount equal to the total quarterly premiums on each of the four policies for which application was made. The application which was read to Dillard Summers contained the following provision:

" * * * no insurance shall take effect unless a policy is issued by the Company and delivered to and accepted by the proposed insured or by the applicant if other than the proposed insured and the full first premium thereon is paid, all while the proposed insured's health, habits and occupation and any other conditions remain as described in the completed Parts 1 and 2 of the application * * *."

Receipts were given by Tischluse for the amount paid on each policy applied for. The receipt given to Dillard Summers was as follows:

"Conditional Receipt
"The Prudential Insurance Company of America          3–10   1958.
"Received from          D. Summers          the sum of          $16.82          Dollars
being payment on account of a policy applied for on the life of   D. Summers
(Proposed Insured) in The Prudential Insurance Company of America.

"If the above payment is made at the time of signing Part 1 of the application and is equal to the full first premium on the policy applied for according to the interval of premium payment selected by the applicant and if the required and completed Part 1 and the required and completed Part 2 of the application and such other information as may be required by the Company are received by the Company at one of its Home Offices and if the Company after the receipt thereof determines to its satisfaction that the proposed insured was insurable on the later of the dates of said Parts 1 and 2 on the plan, for the amount, for the benefits and at the premium rate applied for, the insurance in accordance with and subject to the terms and conditions of the policy applied for shall take effect as of the later of the dates of the required and completed Parts 1 and 2 (or an earlier date if requested in the application and permitted by the rules of the Company) except that if on request the policy is to bear a date later than either of said Parts 1 and 2, no insurance shall take effect until such later date and then only if the proposed insured's health, habits and occupation and any

other conditions remain as described in said Parts 1 and 2 to such later date.

"In all cases where the insurance does not take effect in accordance with the preceding paragraph, no insurance shall take effect and the above payment will be refunded by the Company unless a policy is issued by the Company and delivered to and accepted by the proposed insured or by the applicant if other than the proposed insured and the full first premium thereon is paid, all while the proposed insured's health, habits and occupation and any other conditions remain as described in the completed Parts 1 and 2 of the application, in which case the insurance shall be deemed to have taken effect as of the date on the face of the policy. Any delay in refunding the above payment before or after the demise of the proposed insured shall not be construed to create a contract of insurance or any liability on the Company, except for a return of the above payment.

*"No agent has the authority to waive the answer to any question in any application for insurance, to modify any application, or to bind the Company by making any promise or representation or by giving or receiving any information.*

"This receipt is issued on the condition that any check, draft or other order for the payment of money be good and collectable.

"A. F. Smith Agent
..........

"SL 4        District
..........

"Note.—Unless the proposed owner receives a policy or the money is returned within six weeks · from the date of this receipt, please notify The Prudential Insurance Company of America, giving the amount paid, date of payment, and name of person to whom paid. (see reverse for mailing address.)"

Summers· was told by Tischluse that a .doctor would call and examine him. The doctor for the company did call and examine Summers on March 12. On March 17 Dillard Summers was in an automobile accident. He was taken to a hospital, suffering from multiple fractures about the chest and legs. Opal Summers testified that about two days after the accident, Mr. Tischluse called on her and brought Sammy's policy. He said that he had heard about the accident that her husband had suffered. She said that she asked about her husband's policy and that Tischluse said that the company had to hold it up to get a report from the hospital. There was testimony that the agent said that he thought the policy would be issued, that it was good and not to worry about it, and that the policy would go through. Opal Summers also testified that she had read the receipt given by Tischluse and knew that it provided that the company was not bound by any promises of the agent.

On May 27, 1958, Dillard Summers died. On the evening of his death Tischluse called and told Mrs. Summers that the policy had not been issued and gave her a check dated April 28 for the amount paid at the time of the application. The check was made out to Dillard Summers, so the agent took it back in order to have it made out to Opal Summers. A check for the same amount was mailed to Opal Summers on June 10, 1958, but she returned it to the Insurance Company.

She made a claim under the policy for which Dillard Summers had applied, and upon rejection of the claim by the Insurance Company she brought this suit.

As stated, the court held that upon the foregoing evidence the plaintiff failed to make a case, and directed a verdict for the defendant. Then upon motion for a new trial the court concluded that it had erred in so doing and sustained plaintiff's motion for a new trial.

■    The appellant argues that the court erred in granting a new trial to the plain-

tiff, and the respondent asserts that the trial court has broad powers in granting a new trial, and that its ruling should not be disturbed except for a manifest abuse of discretion. The ground of the appellant's contention is that the plaintiff failed to make a case properly submissible to a jury. If no case was made by the plaintiff, then the order granting the plaintiff a new trial after a verdict and judgment for the defendant was clearly erroneous, and such action would constitute an abuse of discretion. Graves v. Atchison, T. & S. F. Ry. Co., 360 Mo. 167, 227 S.W.2d 660; Schmidt v. Allen, Mo.Sup., 303 S.W.2d 652.

We have, therefore, but one question to decide, and that is whether or not the plaintiff made a submissible case.

■ The plaintiff's theory below and here is that a policy of insurance came into being by reason of waiver or estoppel. It is asserted by the plaintiff respondent that the acts of an agent within the scope of his authority bind his principal. With this general statement there can be no dispute, but the plaintiff claims that under the facts present, the testimony of the plaintiff that the agent said the policy would go through constituted evidence of a waiver by the company of the provisions of the application. We are cited to Madsen v. Prudential Ins. Co. of America, Mo.App., 185 S.W. 1168; Asel v. Order of United Commercial Travelers of America, Mo.App., 193 S.W.2d 74; Bigalke v. Mutual Life Ins. Co. of Baltimore, Mo.App., 34 S.W.2d 1019. These cases do not relate to the creation of a contract of insurance, but to the waiver of provisions in existing contracts.

As to the scope of the authority of the agent in this case there can be no doubt. The receipt given which the plaintiff read and understood, clearly and in bold type states that the agent was without authority " * * * to bind the company by making any promise or representation * * *". The application read to the applicant and signed by him states: " * * * no in-

surance shall take effect unless a policy is issued by the Company * * *".

■ This application was nothing more than an offer and could not have become a completed contract until it had been accepted by the insurer issuing the policy. Porter v. Farm Bureau Life Insurance Co., Mo.App., 322 S.W.2d 927; Fernan v. Prudential Ins. Co. of America, Mo.App., 162 S.W.2d 281; Carl v. National Fidelity Life Insurance Co., Mo.App., 277 S.W.2d 871.

■ In regard to the question of estoppel, the plaintiff contends that the defendant is estopped from denying the existence of the policy of insurance because of its delay in returning the premium. The delay in returning the premium on a proposed contract of insurance where, as here, no policy has ever been issued, can only operate as an estoppel to deny an acceptance of an application when it has had the effect of misleading the applicant, and the applicant, by reason of being misled, has refrained from taking out other insurance. Zielinski v. General American Life Ins. Co., Mo.App., 96 S.W.2d 1059.

The plaintiff relies upon the cases of Fitzgerald v. Colorado Life Co., 233 Mo. App. 235, 116 S.W.2d 242, and Reed v. Prudential Ins. Co., 229 Mo.App. 90, 73 S.W.2d 1027. In the Reed case there was a delay of two years and repeated assurances by an office of the company that the policy would be issued. In the Fitzgerald case there was a delay of six months. In both cases there was evidence that the proposed insured, in reliance upon promises, refrained from taking out other insurance or dropped insurance that had been carried prior to the application.

■ We have no such situation here. As stated, within five days after the application had been turned in to the company, the proposed insured had suffered violent injuries which proved fatal a short time thereafter. There was certainly a very reasonable excuse for the delay as the company was seeking information about

the injuries of the applicant. The applicant was not deprived of getting other insurance by reason of the delay for he was unquestionably not insurable at any time after the accident. It follows that the plaintiff failed to prove any policy of insurance or any right by estoppel to assert the benefits of a policy.

It is our conclusion that the court properly directed a verdict and entered a judgment for the defendant in the first place, and erred in later setting it aside and granting a new trial. For this reason the order granting a new trial is reversed and the cause remanded with directions to reinstate the judgment for the defendant.

ANDERSON and RUDDY, JJ., concur.